ALBANY,
August, 1822.

FIELD
v.
PARK.

## FIELD *against* PARK.

Service, on a *Sunday*, of a *notice*, and affidavits, or other papers, which are to be the foundation of a motion for a rule, is irregular and void.

AFTER the notice of a motion in this cause, and affidavit of the service were read, the counsel for the defendant raised a preliminary objection to the regularity of the service of the notice, though more than *four* days, exclusive of the day of service, on the ground of its having been made on a *Sunday*.

*Per Curiam.* This point has never before been presented to the Court: we are, therefore, entirely unshackled by any former decision; and are at liberty to adopt such rule, as good order and the spirit of the 5th section of the act for suppressing immorality, (2 *N. R. L.* 195. sess. 36. c. 24.) may require. That section forbids the service, on *Sunday*, of any *writ, process, warrant, order, judgment,* or *decree,* in civil causes; and declares the service thereof to be void, and the person executing the same liable for damages at the suit of the party aggrieved. Our statute, in this respect, is substantially a transcript of the statute 29 *Car.* II. ch. 7. s. 6.; and, under that statute, it has been decided, that a rule *nisi,* for an attachment for non-payment of money, could not be served

ALBANY,
August, 1822.

FIELD
v.
PARK.

on *Sunday*. (8 *Term Rep.* 86.)   In that case, Lord *Kenyon* expressed an anxious wish to preserve, as much as possible, a strict attention to the *Sabbath*. It has been held, also, that service of a copy of process on a *Sunday*, was absolutely void; and Lord *Ellenborough* said, it was matter of public policy, that no proceedings of the nature described in the statute, should be had on *Sunday*. (3 *East's Rep.* 155.) It has, also, been decided, that notice on a *Sunday*, of a plea being filed, was irregular and invalid; and Lord *Ellenborough* observed, " That all notices, on which rules are made, are *process*, in respect to the subject matter, not indeed process in respect to the writ, but process in respect to the rule." It is, in effect, a summons to the opposite party to appear in Court, and defend himself against a rule to be applied for, and may, therefore, so far be regarded as process, and, consequently, within the general purview of the statute.

It would be highly unbecoming to allow persons, under all circumstances, and on any part of the *Sabbath*, the right to serve notices and papers in the progress of a suit. The right to serve, implies a duty to receive them; and, with respect to many persons, this might, and probably would, violate their religious feelings and principles. Such service must be inhibited wholly, or allowed under all circumstances; for it is impossible to regulate the practice. We think ourselves required by the statute, and the moral and religious sense of the community, to say, that no notice, which is to be the foundation of a rule, can be served on a *Sunday*, and we therefore deny the motion.

Motion denied.