NEW-YORK,
May, 1828.

The People
v.
Luther.

---

THE PEOPLE, on the relation of PUGSLEY, *vs.* LUTHER, Sheriff of Onondaga.

In the redemption of lands sold under execution, the last day of the *fifteen months* happening on *Sunday,* a redemption on the next day is too late.

MOTION for a mandamus. The relator claimed a deed from the sheriff, as having redeemed as a creditor, pursuant to statute, (*Statutes,* 5th *vol. b.* 167, *passed April* 12, 1820,) certain lands sold on execution. The sale was had on the *thirteenth* day of *January,* 1827. On the *fourteenth* day of *April* 1828, (the *thirteenth* being *Sunday,*) the relator tendered to the sheriff the amount bid at the sale, with ten per cent. interest, and claimed a deed of the premises sold, which the sheriff refused to execute, on the ground that the redemption was not made in time.

*J. R. Lawrence,* for relator.

*By the Court,* SAVAGE, Ch. J. The fifteen months within which the creditor had a right to redeem, expired on the *thirteenth* day of April, according to the principle adopted by this court in the computation of time, when an act is required by statute to be done within a specified period. (2 *Cowen,* 518. *id.* 605 *and note.*) The last day of the fifteen months happening on *Sunday,* the tender ought to have been made on *Saturday,* to entitle the creditor to a deed. In the case *Ex parte Dodge,* (7 *Cowen,* 147,) it was holden that notice of appeal from a justice's judgment given on Monday, when Sunday was the last day of giving notice, was too late. *Sunday* being *dies non juridicus,* (12 *Johns. R.* 178, 8 *Cowen,* 27,)

the sheriff was not bound to attend to the discharge of the ordinary duties of his office on that day. A demand on *Sunday* of the performance of a contract, where a previous demand was necessary to the maintenance of the action, was holden not to be good. (1 *Cowen*, 85.)