Templin v. Synder.

CHRISTIAN TEMPLIN, AND OTHERS, PLAINTIFFS IN ERROR, v. CHARLES SYNDER, DEFENDANT IN ERROR.

New Trial: JURISDICTION OF JUSTICES OF THE PEACE. A justice ·of the peace has jurisdiction to grant a new trial only when it is shown "that the verdict was obtained by fraud, partiality or undue means."

ERROR to the district court for Seward county. Tried below before POST, J

The action was commenced before John N. Edwards a justice of the peace, by Charles Synder against Christian Templin, *et al.*, for damages sustained for the alleged wrongful conversion, by the said Templins, of certain goods and chattels, claimed to belong to said Synder. October 2, 1876, the cause was tried to a jury, who returned a verdict for the Templins, and in whose favor the justice rendered a judgment accordingly. Synder immediately filed a motion to set aside the verdict on the alleged ground that the jury, after the cause was submitted, and they had retired to deliberate upon and had agreed upon their verdict, but before returning into court with the same, separated for the space of about one hour. No evidence was introduced to support the motion, but the motion was sustained by the court, and the Templins excepted. The cause was set for trial on the tenth day of October, at which date the Templins appeared specially and filed a motion to dismiss the cause, for the reason that the court had no jurisdiction of either the subject matter or of the defendants, which motion was overruled, and an exception noted. The Templins refused to appear further, and the cause was then tried to the court, and judgment was rendered against the Templins for $59.35 and costs, taxed at $29.08. The Templins prosecuted a petition in error to the district court, and at

the November term, 1876, of said court, the petition in error was overruled, and the judgment of the court below was set aside at the costs of the plaintiffs in error, taxed at $9.45. At the next term of said court Synder filed a motion to correct the journal entry in said cause; the same was sustained, and judgment rendered against the Templins for $59.35 and costs, taxed at $38.56. The Templins excepted, and brought the cause here upon a petition in error.

*C. L. Lewis* and *Norval Bros.*, for plaintiffs in error, cited the General Stat., 682, Sec. 983. *Sioux City & Pacific R. R. Co. v. Washington Co.*, 3 Neb., 41. *Reynolds v. Stansbury and Burch*, 20 Ohio, 353. *Cox v. Groshong*, 1 Pinney's Wis. Rep., 307. *Supervisors v. LeClerc*, 3 Pinney, 327. *Firmstone v. Mack*, 49 Pa. State, 387. 5 American Reports, 253.

*Lowley & Leese*, for defendant in error.

LAKE, CH. J.

There was no authority for the granting of the new trial in this case. As we had occasion to show in the case of *Cox v. Tyler*, decided at the present term, the jurisdiction of a justice of the peace in the granting of new trials is fixed by statute, and is confined to cases wherein, on motion, it is shown to his satisfaction "that the verdict was obtained by fraud, partiality, or undue means."

This case does not come within that rule, for no showing of that sort was even attempted. The action of the justice complained of was therefore wholly unauthorized, and the judgment finally rendered erroneous. For these reasons the judgments of both the district court and the justice of the peace are reversed, and the cause remanded to the last named court, with instruction to enter

judgment on the original verdict, on motion of the plaintiffs in error, and notice to the adverse party or his attorney.

REVERSED AND REMANDED.