THE STATE OF NEBRASKA, EX REL. HENRY CARTER, V. CHARLES H. KING.

1. **Justice of Peace:** GRANTING NEW TRIAL.  A justice of the peace has no authority to grant a new trial except for fraud, partiality, or undue means.  *Templin v. Synder*, 6 Nebraska, 491. *Cox v. Tyler*, 6 Nebraska, 297.

2. **Legal Holidays.**  Where the statutes designate certain days, as the 25th day of December, 1st day of January, etc., as legal

holidays, and prohibit courts from transacting business on such days, except, etc., the restriction is confined to the days named in the statute, and where any of such days fall on Sunday, the succeeding Monday is not to be observed as such holiday except so far as it may affect the presentment and demand of commercial paper.

3. ———: CONTINUANCE OF CAUSES. Where a cause is continued to a day on which the court is prohibited from transacting business, as Sunday, or a legal holiday, the continuance will extend to the first day thereafter on which it can legally transact business.

ORIGINAL application for mandamus.

*H. D. Travis*, for relator. Proceedings after judgment a nullity. *Crippen & Amick v. Church*, 17 Neb., 304. *Tootle, Hosea & Co. v. Jones*, 19 Id., 590. Adjournment proper. *Polin v. State*, 14 Neb., 546. Legal holidays. Bouvier Law Dic. Comp. Stat., Sec. 8, Ch. 41. Mandamus proper remedy. *People v. Gale*, 22 Barb., 502.

*J. H. Haldeman* and *B. A. Gibson*, for respondent, cited: High. Ex. Leg. Rem., Sec. 180. *State v. Powell*, 10 Neb., 48. Freeman Judgments, Secs. 116, 117. *Crandal v. Bacon*, 20 Wis., 671. *Mahr v. Young*, 13 Id., 634. *Moore & Cozine v. Herron*, 17 Neb., 697, 700.

MAXWELL, J.

This is an original action brought in this court to obtain a peremptory mandamus. The relator alleges in his petition, "that defendant, on the 19th day of November, 1887, was and now is a duly elected, qualified, and acting justice of the peace in and for Weeping Water precinct, in the county of Cass, and state of Nebraska; that on the 19th day of November, 1887, this complainant commenced, in the justice court, before the said Charles H. King, in Weeping Water precinct, said county, and filed his bill of particulars in said justice's office, against John H. Davis

and David Woodard; that on the 21st day of November, 1887, plaintiff caused a summons to issue in said cause against the defendant. * * * * On the 22d day of November, the defendant acknowledged service of the summons, and in words and figures following endorsed thereon:

"We hereby acknowledge service of the within summons.

"D. WOODARD,
"J. H. DAVIS."

The summons was returnable on the 25th of November, 1887, and the cause set for trial on the 25th day of November, 1887, at one o'clock P.M. On the 25th day of November, 1887, the parties filed the following stipulation:

" It is hereby stipulated that this cause be continued to the 22d day of December, 1887, at 10 o'clock in the forenoon of said day.

"H. D. TRAVIS, Plff's Atty.
"J. H. HALDEMAN, Deft's Atty."

And the cause was continued to the 22d day of December, 1887, according to the stipulation. On the 17th day of December, 1887, the following stipulation was filed:

"This cause is hereby continued by consent of parties, to the 26th day of December, 1887, at 10 o'clock A.M.

" H. D. TRAVIS, Atty. for Carter.
"D. WOODARD AND JOHN H. DAVIS,
"by J. H. HALDEMAN, their Attorney."

Said stipulation was duly filed in the office of the said justice of the peace at Weeping Water, and the cause was accordingly continued to the 26th day of December, 1887, at 10 o'clock A.M. On the 26th day of December, plaintiff appeared in justice court and was ready for trial, but the justice continued the cause to the 27th day of December, 1887, at 10 o'clock A.M. On the 27th of December, 1887, plaintiff appeared with his witnesses

at 10 o'clock A.M. After waiting one hour, the court heard the testimony of plaintiff, and rendered judgment for $200 and costs of suit against the defendants. The finding and judgment of the court were in the following words and figures, to-wit:

"December 27, 1887, 10 o'clock A.M. After waiting one hour, to-wit, 11 o'clock A.M., the plaintiff appeared. The defendants failing to appear, the cause came up for hearing upon the bill of particulars and the evidence of Henry Carter and Jennie Carter. Permission asked and granted to amend the bill of particulars by inserting 15th day of October, 1887, where blank was left as to the date of ownership of property and the taking thereof. I find upon hearing of the testimony herein produced by the plaintiff, that the plaintiff shall recover the value, $200, of the said property from the said defendants. It is therefore considered by me that the plaintiff recover of said defendants the sum of $200 and costs of suit herein expended, taxed at $8.45.

"C. H. KING, *Justice of the Peace.*"

Which judgment is still in full force and effect, and from which no appeal has been taken and no stay bond or appeal bond has been filed. On the 7th day of January, 1888, plaintiff, by his attorney, demanded of the justice that he issue an execution on the judgment rendered in said justice court on December 27, 1887, in said cause. The justice refused to issue said execution, and still refuses to issue an execution on said judgment. Plaintiff has tendered said justice his legal fees for issuing said execution. That J. H. Haldeman was informed by the said justice, on the morning of December 26th, that he would continue the case until the 27th of December, 1887, at 10 o'clock A.M. Affiant says that the defendant, John H. Davis, is the real party in interest as defendant; that John H. Davis had the constable to levy on the goods and chattels of this affiant for the alleged debt of another party

(J. M. Carter), and that said John H. Davis and said constable, D. Woodard, unlawfully, wrongfully, forcibly, and against the will of this affiant took the said property from this affiant, and that said Davis had said property or the proceeds of said property, and is lawfully indebted to this plaintiff in the sum of $200; that plaintiff is not indebted to defendants in any sum, and has been greatly damaged by the wrongful acts of said defendants. Affiant says that he is a poor man, that affiant had his testimony ready, and had a witness to come from Cheyenne county, at great expense, to testify in the cause, and affiant believes that defendants proceeded in the manner in which they did to harass and annoy him and to compel him to abandon the suit; that the motion to set aside the judgment was not made until after plaintiff's witness had returned to Cheyenne county, Nebraska; that on the 26th of December, 1887, when the case was continued to the 27th, the entry on the justice's docket did not contain the words, "the court being in doubt whether this is a legal holiday," but the entry was, "the cause is continued by consent of parties to the 27th of December, at 10 o'clock A.M.," and the docket so stood and remained until after judgment had been rendered on the 27th, when, on the complaint of J. H. Haldeman, attorney for defendants, the entry was changed by the justice of the peace. Some proceedings were had after judgment, but which do not affect the validity of this judgment; that on the 21st day of January, 1888, defendants served upon the plaintiff notice that the judgment hereinbefore mentioned had been set aside, and the case set down for trial on January 30, 1888, at 10 o'clock in the forenoon.    *    *    *    That no fraud was perpetrated upon the defendants by plaintiff; that said judgment is in full force and effect, and that execution should issue from said justice court for the sum of $200 and costs. Wherefore plaintiff prays that a peremptory writ of mandamus may issue, commanding said defendant

forthwith to issue an execution upon the judgment ob-
tained by plaintiff in justice court before C. H. King, in
which·cause Henry Carter was plaintiff and John H.
Davis and David Woodard were defendants, for $200 and
costs."

A transcript of the proceedings before the justice is filed
with the petition and made a part thereof, from which it
appears that, on the 30th day of December, 1887, the de-
fendants filed a motion to set aside the judgment and for a
new trial, on the ground that the judgment was void, be-
cause the adjournment on the 26th of December was a
nullity, and therefore the justice had no jurisdiction to try
the case on the 27th of that month.  On the 7th day of
January, 1888, the court sustained the motion granting a
new trial, whereupon the relator requested the justice to
issue an execution upon the judgment rendered December
27, 1887, and upon his refusal instituted this action.

Section 983 of the code restricts the right of a justice
of the peace to grant a new trial to cases where the
verdict was obtained by fraud, partiality, or undue means.
*Templin v. Synder*, 6 Neb., 491.  *Cox v. Tyler*, 6 Id., 298.
There was no authority, therefore, for the justice to grant
a new trial upon the grounds assigned, and his action in
that regard is void.

2d.  Was the 27th day of December, 1887, a legal
holiday?

In section 35, chapter 13 of the Revised Statutes of
1866, it is provided that, " No court can be opened nor can
any judicial business be transacted on Sunday, except, 1st,
to give instructions to a jury then deliberating on their
verdict; 2d, to receive a verdict or discharge a jury; 3d,
to exercise the powers of a single magistrate in a criminal
proceeding."

In 1879 this section was amended by adding, after Sun-
day, the words, or on any legal holiday, so that the section
now reads, " Nor can any judicial business be transacted

35

on Sunday or on any legal holiday," etc. Comp. Stat., Ch. 19, Sec. 38.

Section 8 of chapter 42 of the Compiled Statutes provides that, "The 1st day of January, the 22d day of February, the 22d day of April, the 25th day of December, the 30th day of May, and July 4th, and any day appointed or recommended by the governor of the state or the president of the United States as a day of fast or thanksgiving, and when any one of these days shall occur on Sunday, then on the Monday following, shall, for all purposes whatsoever, as regards the presenting for payment or acceptance and the protesting and giving notice of the dishonor of bills of exchange, bank checks, or promissory notes made after the passage of this act, be deemed public holidays, and be treated and considered as is the first day of the week, commonly called Sunday; *Provided*, That when any one of these days shall occur on Monday, any bill of exchange, bank check, or promissory note, payable on such Monday, shall become due and payable on the day thereafter."

The section above quoted applies alone to commercial paper, except where the days named are designated as holidays. At common law, where Sunday or a holiday is the last day of grace, a demand must be made on the second day of grace. Hence the statute changes the rule and requires the demand to be made on the succeeding day. We do not understand, however, that where a holiday, as the 25th of December, falls on Sunday, that the succeeding day is to be a holiday, so as to prohibit the holding of courts. The Creator instituted the Sabbath as a day of rest, and experience has shown the necessity of its observance by mankind generally, as a means of preserving full mental and physical vigor. Hence, at common law, courts are prohibited from transacting business on Sunday. 3 Blackstone Comm., 290. *Field v. Park*, 20 John., 140. In the year 517, by the canon law of England, Sunday

was made *dies non juridicus,* and this canon was adopted as the law by the Saxon Kings, and confirmed by William the Conqueror and Henry II., and became a part of the common law. *Davis v. Fish,* 1 G. Greene, 411. No such reasons exist, however, in favor of holidays. They are established usually to commemorate some event, show respect to some person or persons, or to express gratitude for favors received. In many cases they are liable to interfere with private rights, and while the legislature has undoubted authority within certain bounds to declare certain days legal holidays, and prevent the courts from transacting business on such days, yet the court should not extend such days by implication; that is, where the statute declares the 25th day of December, the 1st day of January, 22d day of February, 30th day of May, and 4th of July to be legal holidays, those are the days to be observed as such, not the succeeding day. Under the common law there were 24 licensed holidays in a year, besides those in Easter and Whitsun weeks, but in none of those cases where a holiday fell on Sunday was the succeeding Monday observed as a holiday; and on many of the holidays named, the seal office was closed in the morning only. See 1 Tidd's Practice, 55-59, and cases cited.

3d. But even if the 26th day of December, 1887, had been a legal holiday, still the justice would not have lost jurisdiction. The rule as stated in Daniels' Chancery Practice is, "Where the time for doing any act or taking any proceeding expires on a Sunday, or other day on which the offices are closed, and by reason thereof such act or proceeding cannot be done or taken on that day, such act or proceeding is, as far as regards the time of doing or taking the same, to be held or to be duly done or taken, if done or taken on the next day on which the offices shall be open." 1st Daniels' Ch. Pr., 354. This, while regulated by order, is no doubt a correct statement of the law. Where an adjournment is taken, therefore, to a day on which the

court is prohibited from transacting business, the court does not thereby lose jurisdiction, but the case will stand continued until the succeeding day. If there was error in the proceeding of the justice in adjourning the case from the 26th of December to the 27th of that month, it cannot be corrected in this proceeding, but the justice did not thereby lose jurisdiction of the cause. The judgment, therefore, is valid, and the relator is entitled to an execution thereon. This is an amicable suit, however, brought to determine the rights of the parties, and no writ will issue unless the justice shall further refuse to issue an execution. The costs in this court to be divided between the parties.

JUDGMENT ACCORDINGLY.

COBB, J., concurs.

REESE, CH. J., dissenting.

I do not believe a writ of mandamus should be allowed in this case, for the reason that the relator has a " plain and adequate remedy in the ordinary course of the law," and therefore the issuance of the writ is prohibited by section 646 of the civil code.

Ample provision is made for the reversal of erroneous orders of justices of the peace, by section 580 *et seq.* of the code, and if the order of the justice was erroneous, it can be easily corrected by proceedings in error to the district court, and I can see no reason why the case should not take that course. Proceedings by mandamus are expressly prohibited by statute, if there is another plain and adequate remedy furnished by law. That there is such a remedy in this case no one can doubt, and I therefore think the questions discussed in the foregoing opinion do not, legitimately, arise.