OLIVER PORTER, Appellant, *v.* FRANKLIN PIERCE et al., Respondents.

Under the provision of the Code of Civil Procedure (§ 1454), as to redemptions on sheriff's sales, which provides that "a creditor who might have redeemed within fifteen months after the sale, * * * may redeem from any other redeeming creditor, although the fifteen months have elapsed, provided that he thus redeems within twenty-four hours after the last previous redemption," as such redemption must be made

at the sheriff's office, which is not required to be kept open on Sunday, when "the last previous redemption" was on Saturday, the Sunday following must be deemed a *dies non*, within the contemplation of the statute, and the redemption may be made on Monday.

Reported below, 43 Hun, 11.

(Argued March 17, 1890 ; decided April 15, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made January 11, 1887, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are sufficiently stated in the opinion.

*O. U. Kellogg* for appellant. The redemption of land, sold under execution, is a ministerial act, and may be made at any place, in or out of the county, where the land is situated, if made before the last day of the fifteen months ; and may be made on Sunday or any other day within the fifteen months. If the last day of the fifteen months happens on Sunday, the redemption may be made on that day, if the sheriff is at his office, and accepts the tender. (*Strong* v. *Elliott*, 8 Cow. 27 ; *Sayles* v. *Smith*, 12 Wend. 57 ; Penal Code, §§ 250, 259, 260, 261, 262, 263, 264, 265, 266 ; *People* v. *Luther*, 1 Wend. 43 ; 2 Cow. 518, 605 ; *Ex parte Dodge*, 7 Cow. 147 ; 8 id. 27 ; 12 Johns. 27 ; 1 Cow. 85 ; *Rice* v. *Davis*, 7 Lans. 393 ; 1 R. S. 676, § 71 ; *Boynton* v. *Page*, 13 Wend. 425, 429 ; *Maxon* v. *Annos*, 1 Den. 204–206 ; *Miller* v. *Roessler*, 4 E. D. Smith, 234 ; *Sherman* v. *Sherman*, 27 Penn. St. 90 ; *Marvin* v. *Marvin*, 75 N. Y. 240 ; 3 R. S. 475, §§ 42, 43.)

*Pierce and Stone* for respondents. The respondents insist that the " twenty-four hours " contemplated by the statute are twenty-four business hours, and that by the general and universal custom of the country, in contemplation of which it must be presumed the statute was passed, Sunday is not a day of business, and that, therefore, the running of statutory time was

suspended during the twenty-four hours of November first. (*Thayer* v. *Felt*, 4 Pick. 354; *People* v. *Luther*, 1 Wend. 42; *Salter* v. *Burts*, 20 id. 205; *Howard* v. *Ives*, 1 Hill, 263; *Anonymous*, 2 id. 375; *Whipple* v. *Williams*, 4 How. Pr. 28; *Van Vechten* v. *Paddock*, 12 Johns. 178; *Vanderwerker* v. *People*, 5 Wend. 530; *Campbell* v. *I. L. A. Society*, 4 Bosw. 299; *A. B. & C. Co.* v. *Connor*, 103 N. Y. 502, 509; *Edmundson* v. *Wragg*, 49 Am. Rep. 509; *Cressey* v. *Parks*, 46 id. 406, 409; *Barnes* v. *Eddy*, 12 R. I. 25; *Shaw* v. *Williams*, 28 Alb. L. J. 68, 69; *Ormsby* v. *City of Louisville*, 20 Am. Law Reg. 269; *Avery* v. *Stewart*, 2 Conn. 69; *Barrett* v. *Allen*, 10 Ohio, 426; *Hammond* v. *A. M. Ins. Co.*, 10 Gray, 306; *Baxley* v. *Burnett*, 33 Ga. 146; *Kuntz* v. *Temple*, 48 Mo. 711; *Swann* v. *Brown*, 3 Burr. 1599; 1 W. Black. 496, 526; *Smith* v. *Wilcox*, 24 N. Y. 355; *Story* v. *Elliott*, 8 Cow. 27; *Sterne's Appeal*, 64 Penn. St. 447; *Dalameter* v. *Miller*, 1 Cow. 75; *Brackett* v. *Edgerton*, 14 Minn. 173; *C. Co.* v. *Bradley*, 4 Cranch, 193; *Chrisman* v. *Tuttle*, 59 Ind. 155; *Gould* v. *Spencer*, 5 Paige, 541; *A. Ins. Co.* v. *Hicks*, 7 Abb. Pr. 204; *Peck* v. *Covell*, 16 Mich. 9; *Bland* v. *Whitfield*, 1 Jones' Law, 122; *Pelice* v. *Hill*, 9 Porter, 151; *Cock* v. *Bunn*, 6 Johns. 325; *Borst* v. *Griffin*, 5 Wend. 85; Angell on Limitations [6th ed.], 48; 2 Hill, 377; *Bob* v. *Moffat*, 3 Johns. 257; *Field* v. *Park*, 20 id. 140; *Vanderpool* v. *Wright*, 1 Cow. 209; *Frost* v. *Hull*, 4 N. H. 153; *Shaw* v. *Dodge*, 5 id. 462; *Clapp* v. *Hale*, 112 Mass. 368; *Denis* v. *Sharman*, 31 Ga. 607; *Bumbgardner* v. *Taylor*, 28 Ala. 687; *Ladd* v. *Rogers*, 11 Allen, 209; *Finn* v. *Donahue*, 35 Conn. 216; *Dodson* v. *Harris*, 10 Ala. 586; *Meader* v. *White*, 66 Me. 90; *Tucker* v. *Mowrey*, 12 Mich. 378; *Bosworth* v. *Swansey*, 10 Metc. 363; *Jones* v. *Andover*, 10 Allen, 18; *Holcomb* v. *Village of Danby*, 51 Vt. 428; Const. of N. Y. art. 4, § 9; *Luedermiller* v. *People*, 33 Barb. 569.)

BRADLEY, J. The premises in question were sold by the defendant Borthwick, as sheriff of the county of Cortland, upon two executions issued upon judgments held by the defend-

ant Pierce, as administrator, etc., of Thomas Galvin, deceased, against Mary Sullivan, and bid off by Pierce, as such administrator, on the 1st day of August, 1884. No redemption was made within the year, and on Saturday, the 31st day of October, 1885, at 12 o'clock noon, Esther K. Porter, as assignee of Oliver Porter of a judgment recovered on that day by him against Mary Sullivan, redeemed the premises from the sale by paying the sheriff the amount paid for them on such sale with interest, and presenting the requisite papers for such purpose to the sheriff, who delivered to her the certificate required by the statute. (Code, § 1469.) The next day was Sunday, and on Monday following, November second, at 11:15 A. M., the defendant Pierce, as such administrator, proceeded to redeem the premises upon a judgment recovered by him as such administrator against Mary Sullivan, November 19, 1884, and then took a certificate of redemption from the sheriff, who afterward made to him a deed pursuant to such redemption. The certificate made to Esther K. Porter was afterward assigned by her to the plaintiff, and he brought this action to set aside that deed and to require the defendant Borthwick to make to him a deed. And the ground upon which such relief is sought is, that the redemption by the defendant Pierce, was not made within the time, which by the statute he was permitted to make it. The statutory provision from which was derived the right to make that redemption is that, " A creditor, who might have redeemed within fifteen months after the sale, * * * may redeem from any other redeeming creditor, although the fifteen months have elapsed ; provided that he thus redeems within twenty-four hours after the last previous redemption." (Code, § 1454.) This was not done by the defendant within the requisite time and his redemption was ineffectual if Sunday should have been included within the time which he was permitted to make it. That day, like any other, occupies time, and except so far as prohibited by the common law or the statute, transactions on that day, not in themselves immoral, are not unlawful or invalid. (*Story* v. *Elliot*, 8 Cow. 27 ;

*Sayles* v. *Smith,* 12 Wend. 57.) But for reasons founded in public policy, the maxim *dies non juridicus* is given a liberal construction and effect so as to embrace in it that which may be deemed within its purpose and meaning. (*Field* v. *Park,* 20 Johns. 140; *Van Vechten* v. *Paddock,* 12 id. 178.) It is now quite well established that the observance of the Sabbath day as such, is a right which may be enjoyed without molestation by transactions of a secular character. Hence Sunday cannot for the purpose of performing a contract be regarded as a day in law, and when it is due on Sunday, performance on Monday following is in time. (*Avery* v. *Stewart,* 2 Conn. 69; 7 Am. Dec. 240; *Salter* v. *Burt,* 20 Wend. 205; *Howard* v. *Ives,* 1 Hill, 263; *Campbell* v. *I. L. A. Society,* 4 Bosw. 299.) When the statute requires that something be done within a given time, it must be so done, and although the last day be Sunday, it must be embraced in the computation of the time. (*Ex parte Dodge,* 7 Cow. 147; *People* v. *Luther,* 1 Wend. 42.) This is not uniformly the rule applied when the time is less than a week. (*Anonymous,* 2 Hill, 375.) But, however that may be, the situation in the present case was peculiar; and although the transaction of the redemption made by the defendant may not come within the acts prohibited by law to be performed on Sunday, there was a difficulty in the way of the exercise of that right by him on that day, arising out of the statute which provides, that a redemption made by a creditor on or after the last day of the fifteen months, must be made at the sheriff's office. (Code, § 1455.) And it cannot then lawfully be made elsewhere. (*Morss* v. *Purvis,* 68 N. Y. 225.) The sheriff is required himself or by his undersheriff or deputy to be in attendance at the sheriff's office, and keep it open on that day and each day thereafter on which redemption can be made. But the sheriff is not required to have his office open on Sunday. (2 R. S. 285, § 55.) The defendant, therefore, had not the right to make the redemption on Sunday. The purpose of the statute was that a judgment creditor should have such right, and for its accomplishment, twenty-four hours after the mak-

ing of the next previous redemption. If the statute should be given the construction and effect to include Sunday within that time when the last day of the fifteen months falls on Sunday, the redemption made on the Saturday before might operate to defeat the right of redemption by another creditor, however diligent he might be in his attempt to exercise it. The effect would be the same if the the last day of the fifteen months was Saturday and a redemption made on that day. It might be made at the last moment of Saturday, and the twenty-four hours would expire with Sunday. In practical effect the lawful denial of the exercise of the right of redemption on Sunday, would be no different than the inhibition of it by law on that day. The statute is entitled to a construction which will permit its purpose to be effectuated. The legislative intent evidently was to permit within the time prescribed, any creditor entitled to do it, to effect redemption by way of protection of his right as such; and that he should have twenty-four hours for that purpose. It would, therefore, seem that to carry out such intention when Sunday intervened, it must be deemed *dies non* within the contemplation of the statute. And the statutes before referred to may be treated as *in pari materia*, and taken to provide for redemption within twenty-four hours of the day or days in which the sheriff is required to be in attendance at his office, to enable the creditor to exercise his right in that respect. Any other view might deny to the statute the apparent purpose of its makers. If these views are correct, the redemption by the defendant on Monday, the second day of November, was in due time and regularly made.

The judgment should be affirmed.

All concur, except FOLLETT, Ch. J., not sitting.

Judgment affirmed.