## CHARLES A. GLAZE V. W. W. KEITH ET AL.

FILED JUNE 23, 1898.   No. 8187.

1. **Justice of the Peace:** SETTING ASIDE VERDICT. A justice of the peace has no jurisdiction to set aside the verdict of the jury in a case tried before him and grant a new trial, except upon the grounds that the verdict was obtained by fraud, partiality, or undue means.

2. ————: VERDICT. In a justice court the jury returned the following verdict: "We, the jury, impaneled and sworn in the above entitled cause, do find that the plaintiff had no cause of action until the assignor and executor of the lease had settlement on old account." *Held*, A verdict for the defendant.

ERROR from the district court of Lincoln county. Tried below before NEVILLE, J. *Reversed.*

42

*J. S. Hoagland,* for plaintiff in error.

*Grimes & Wilcox, contra.*

RAGAN, C.

Keith & Thorn sued Charles A. Glaze before a justice of the peace in Lincoln county. The case was submitted to a jury, which returned the following verdict: "We, the jury, impaneled and sworn in the above entitled cause, do find that the plaintiff had no cause of action until the assignor and executor of the lease had settlement on old account." This verdict the justice of the peace, on motion of Keith & Thorn, set aside upon the ground that the verdict found that Keith & Thorn had no cause of action and that the justice of the peace was of opinion that they had. To the setting aside of the verdict and granting Keith & Thorn a new trial Glaze excepted. The case was submitted to a second jury, which brought in a verdict in favor of Keith & Thorn, upon which the justice rendered a judgment, and Glaze, to reverse this judgment, prosecuted a proceeding in error to the district court of Lincoln county, which affirmed the judgment of the justice of the peace, and Glaze has brought the judgment of the district court here for review.

A justice of the peace has no jurisdiction to set aside the verdict of a jury in a case tried before him and grant a new trial unless it is made to appear that the verdict was obtained by fraud, partiality, or undue means. (Code of Civil Procedure, sec. 983; *Templin v. Synder,* 6 Neb. 491; *Cox v. Tyler,* 6 Neb. 297; *Vaughn v. O'Conner,* 12 Neb. 479; *State v. King,* 23 Neb. 540.) The verdict returned by the jury was, in effect, a verdict in favor of Glaze, and upon that verdict the justice of the peace should have entered a judgment in his favor. The judgment of the district court is reversed and the cause remanded with

instructions to that court to set aside the judgment of the justice of the peace.

REVERSED.