RYER v. PRUDENTIAL INS. CO. OF AMERICA. (Supreme Court, Appellate Division, Second Department. December 8, 1905.) Appeal from City Court of Yonkers. Action by Fannie C. Ryer, as administratrix of the estate of Benjamin Ryer, deceased, against the Prudential Insurance Company of America. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed. Ralph Earl Prime, Jr., for appellant. F. X. Donoghue, for respondent.

PER CURIAM. Judgment and order of the City Court of Yonkers affirmed, with costs, on the authority of Ryer v. Prudential Insurance Co., 85 App. Div. 7, 82 N. Y. Supp. 971.

JENKS, J. (dissenting). The defendant pleaded the period of limitation provided in the contract of insurance, which was as follows: "(8) No suit or action at law or in equity shall be maintainable with respect to the payment of this policy, until after the filing in the principal office of the company of the above-mentioned proof of death, nor unless such suit or action shall be commenced within six months next after the decease of the person insured under this policy; and it is expressly agreed that, should any suit or action be commenced after the expiration of said six months, the lapse of time shall be deemed as conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding." I think that the plea is a bar. The insured died on April 27, 1901, and this action was begun on October 28, 1901. The computation for a period of months as prescribed by section 26 of the statutory construction law (Laws 1892, p. 1490, c. 677) would terminate the period of limitation with October 27, 1901. That day fell on Sunday, and the plaintiff can only lift the bar if the final Sunday of that period is excluded. It is not clear that section 27 of the statutory construction act applies to aught save statutes. Section 1 of the act provides affirmatively only that it is applicable to every statute, and there is no express extension of its purview to contracts or public or private instruments, as there is both in section 25 and section 26. In Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57 N. E. 168, 79 Am. St. Rep. 565, however, Werner, J., in speaking of section 27, says: "In the effort to enact a rule for the computation of time which would be applicable to all statutes, legal proceedings, and contracts, the commissioners of statutory revision omitted by a single word to make the statute as broad as their report said it was intended to be." And Cullen, J., seemed to assume that the purview of section 27 was the same as that of sections 25 and 26 in his illustration arguendo. And it may be argued with some force that, as three sections of such a statute relate to the same subject-matter, they may be read and construed together, without reference to the particular articles, headings or subdivisions thereof. Endlich, Interp. Stat. p. 90, citing State v. Popp, 45 Md. 432. If section 27 does apply to contracts, then the provision for the exclusion of a final Sunday is of no avail in this case; for it is limited to an exclusion from a period of days. In Benoit v. N. Y. Central & H. R. R. R. Co., 94 App. Div. 24, 87 N. Y.

Supp. 951, it was held, following the reasoning in Aultman & Taylor Co. v. Syme, supra, that Sunday could not be excluded in a period of years, and the same reasoning, which to my mind is sound, is applicable to a period of months. If in the sentence of section 27, construed by our highest court, the omission of years thereby restricted the application of it, and if the omission of years in the very sentence now under review justified the conclusion of this court in the Fourth Department in Benoit's Case, supra, it would seem that the omission of months presents even a stronger case in one aspect. For the Legislature in the following sentences of that section is careful to provide for the cases of reckoning of days, weeks, or months, thus indicating that it had then in mind the reckoning of months as a subject of regulation. The statute expressly repeals section 788 of the Code of Civil Procedure. Comparison of section 788 shows that, in place of the "time" in which an act required by law must be done, now stands "a number of days specified as a period from a certain day"; that the final provision of 788 was embodied in section 27, but that the provision immediately preceding, "If the last day is Sunday, or a public holiday, it must be excluded," is expressly limited in cases where it is the last day "of any such period"—i. e., a period of days. Thus there is evidence of an intelligent and an intentional departure in the repealing and revising statute, which now restricts the former rule of exclusion to the final Sunday of a period of days. See Benoit v. N. Y. Central & H. R. R. R. Co., 94 App. Div., at page 28, 87 N. Y. Supp., at page 954.

If, on the other hand, section 27 does not apply to contracts, then we are confronted with a section (26) in a general law regulating the computation of months in all statutes, contracts, and public and private instruments which fail to provide for any exclusion of a final Sunday from a period of months. And we are not considering an omission in the statutory construction law of the provision of the Code for the exclusion of a final Sunday, but an enactment for exclusion which is so limited as not to apply to this case, and also an enactment of a method of computation for a period which does apply to this case, but which does not permit the exclusion of a final Sunday. Endlich on the Interpretation of Statutes (section 202) says: "But the general rule seems to be that statutes and parts of statutes omitted from a revision are to be considered as annulled, and are not to be revived by construction"—citing authorities. See, too, Matter of N. Y. Institution, 121 N. Y. 234, 24 N. E. 378, cited in Mercantile Nat. Bank, v. Mayor, etc., of City of New York, 172 N. Y. 44, 64 N. E. 756. At section 204 Mr. Endlich says: "The principle under discussion applies, not only to statute law, but also to the common law; the latter being deemed superseded by a statutory revision of the entire subject, either when it is couched in negative terms, or when its affirmative provisions are inconsistent with the continued operation of the common law"—citing authorities. See, too, Commonwealth v. Marshall, 11 Pick. 350, 22 Am. Dec. 377, and Jennings v. Commonwealth, 17 Pick. 80. It seems to me that section 26 of

the statutory construction law has provided a statutory and exclusive method of computation for a period of months, which applies in express terms to all statutes, contracts, and public or private instruments, unless otherwise provided in such contract or instrument or by law. If, however, we could consider the rules of the common law, then I still think that the limitation pleaded is a bar. It is true that a final Sunday was excluded for the purpose of performing a contract, so that performance on the following Monday was in due time. Porter v. Pierce, 120 N. Y. 217, 24 N. E. 281, 7 L. R. A. 847. But we are not considering the performance of a contract fixed for a given day which for any reason happens to be Sunday, but with a period of time within which an action must be begun, and of which, through the accident of death, the last day happened to fall upon Sunday. It must be assumed that the representative of the assured knew that action could not be begun on the final day of that period as determined at the beginning of the period. The question to my mind involves the consideration of a period of limitation which only differs from a statute thereof in that it is prescribed by the parties instead of the Legislature. I think that the following authorities would be in point: Benoit v. N. Y. Central & H. R. R. R. Co., 94 App. Div., at page 27, 87 N. Y. Supp., at page 953; Dorsey v. Pike, 46 Hun. 112; People ex rel. Pugsley v. Luther, 1 Wend. 42; Cooley v. Cook, 125 Mass. 406. Although this question was passed upon on the former appeal (85 App. Div. 7, 82 N. Y. Supp. 971), the expression of this court was not essential to the conclusion then reached. I think that the court erred in its conclusion that the action was seasonably begun on October 28th. Although the conclusion reached was not effected, yet I think that the error should not remain uncorrected. I advise that the judgment and order be reversed, without costs, and that judgment absolute be given for the defendant, with costs.

MILLER, J., concurs.