FANNIE C. RYER, as Administratrix of the Estate of BENJAMIN RYER, Deceased, Respondent, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

TIME — STATUTORY CONSTRUCTION LAW, SECTION 26 — COMPUTATION OF MONTHS. The Statutory Construction Law (L. 1892, ch. 677), so far as applicable, has taken the place not only of the statute and Code provisions relating to the computation of time in force prior to its enactment, but also the common-law rules relating to the computation of time. Section 26, relating to months, negatives any right to include in a computation of months a day beyond the day "in the last month so counted having the same numerical order in days of the month as the day from which the computation is made;" it is applicable to a "contract or public or private instrument;" and, therefore, where a life insurance policy provides that no action can be maintained thereon unless commenced within six months after the death of the insured, and such period expires on Sunday, an action commenced upon the following Monday is barred by the express terms of the policy.

*Ryer* v. *Prudential Ins. Co.*, 110 App. Div. 897, reversed.

(Argued April 3, 1906; decided April 24, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 13, 1905, affirming a judgment of the City Court of Yonkers in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

This appeal is taken pursuant to a certificate or order of said Appellate Division that a question of law is involved which ought to be reviewed by this court. The nature of the action and the facts, so far as material, are stated in the opinion.

*Ralph E. Prime, Jr.*, and *A. J. Prime* for appellant. This action is absolutely barred under the express terms of the policy in suit, and defendant's motion to dismiss upon that ground should have been granted. (*Griggs* v. *Guinn*, 29 Abb. [N. C.] 146; *Dorsey* v. *Pike*, 46 Hun, 112; *A. & T. Co.* v. *Syme*, 163 N. Y. 54; *Benoit* v. *N. Y. C. & H. R. R. R. Co.*, 94 App. Div. 24; *Kipp* v. *M. L. Ins. Co.*, 41 App. Div. 298.)

*F. X. Donoghue* for respondent. This action was com-menced within six months after the death of the insured by service of a summons on defendant. (*Shaft* v. *P. M. L. Ins. Co.*, 67 N. Y. 544; *Cook* v. *Allen*, 67 N. Y. 578; *Gorham* v. *Gale*, 7 Cow. 739; *Buel* v. *Duke*, 38 Mich. 167; *Sprague* v. *Irwin*, 27 How. Pr. 51; *Waring* v. *Keeler*, 11 Misc. Rep. 452.)

Chase, J. Plaintiff's intestate died on the 27th day of April, 1901. At the time of his death he held a policy of insurance on his life issued by the defendant, by which it promised and agreed to pay upon the death of the assured to his executors or administrators the sum of one hundred and fifty-six dollars.

Said policy of insurance provided, among other things, that " No suit or action at law or in equity shall be maintainable with respect to the payment of this policy,   *   *   *   unless such suit or action shall be commenced within six months next after the decease of the person insured under this policy ; and it is expressly agreed that should any suit or action be commenced after the expiration of said six months, the lapse of time shall be deemed as conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding."

No suit or action at law or in equity was commenced with respect to the payment of the policy until October 28th, 1901. To the complaint served in the action so commenced the defendant served an answer in which, among other defenses, it alleged that no suit or action was brought upon said policy of insurance within six months next after the decease of the assured and that all right of action thereon had become barred by the express terms of the policy.

It is conceded that more than six months had expired after the death of the assured before this action was commenced, but it is claimed by the plaintiff that October 27th, 1901, the last day of the six months after the death of the assured, was Sunday and that by reason of such day being Sunday

the plaintiff had all of the following day in which to bring this action, and that the commencement of the action on October 28th was in time.

The rule in this state in regard to computing time prescribed by statute was stated by this court prior to the enactment of the Statutory Construction Law in *Porter* v. *Pierce* (120 N. Y. 217, 221) as follows: " When the statute requires that something be done within a given time it must be so done, and although the last day be Sunday it must be embraced in the computation of the time. (*Ex parte Dodge*, 7 Cowen, 147; *People* v. *Luther*, 1 Wendell, 42.) This is not uniformly the rule applied when the time is less than a week. (*Anon.*, 2 Hill, 375.) "

By the Statutory Construction Law (Chapter 677, Laws of 1892) it is provided how years, months and days shall be computed. Other acts and Code provisions relating to the computation of time were repealed by the Statutory Construction Law, and such law, so far as applicable, has taken the place not only of the statutes and Code provisions in force prior to its enactment, but also of the common-law rules relating to the computation of time. By section 26 of said Statutory Construction Law it is provided as follows: " Month.— In a statute, contract, or public or private instrument, unless otherwise provided in such contract or instrument or by law, the term month means a calendar month and not a lunar month. A number of months after or before a certain day shall be computed by counting such number of calendar months from such day, exclusive of the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order in days of the month as the day from which the computation is made, unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of the month so counted." 

This statute is clear, plain and general in its terms and negatives any right to include in a computation of months a day beyond the day " in the last month so counted having the

same numerical order in days of the month as the day from which the computation is made." It is applicable to a " contract or public or private instrument," and the said provision of the policy in suit should be construed the same as a statutory limitation.

This court in *Aultman & Taylor Co.* v. *Syme* (163 N. Y. 54) held that the provision of section 27 of the Statutory Construction Law, that " The day from which any specified number of days, weeks or months of time is reckoned shall be excluded in making the reckoning," is not applicable to a period of years, so the provision of said section providing that a " Sunday or a public holiday other than a half-holiday must be excluded from the reckoning if it is the last day of any such period or if it is an intervening day of any such period of two days," is not applicable to a period of months or years. (See *Benoit* v. *N. Y. C. & H. R. R. R. Co.*, 94 App. Div. 24, and the dissenting opinion of Justice JENKS in the Appellate Division in this case, 110 App. Div. 897.)

On the conceded facts the plaintiff's claim is barred by the express terms of the policy, and the judgment should be reversed and the plaintiff's complaint dismissed, with costs in all the courts.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER and HISCOCK, JJ., concur; O'BRIEN, J., absent.

Judgment reversed, etc.