(74 Misc. Rep. 31.)

### In re BABCOCK'S WILL.

(Surrogate's Court, Niagara County. October, 1911.)

TIME (§ 5*)—COMPUTATION—MONTHS—CHARITABLE BEQUEST—VALIDITY.

- Where the testator made his will on the 6th day of February, and died on the 6th day of April, the will was not made "at least two months before the death of testator," under Decedent Estate Law (Consol. Laws 1909, c. 13) § 19, and a bequest to a benevolent corporation contained therein is invalid.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 5–8; Dec. Dig. § 5.*]

In the Matter of the Last Will of Eugene L. Babcock. Bequest held invalid.

Stacy D. Behe, for proponent.

S. Wallace Dempsey, for Home for the Friendless, a legatee.

A. F. Premus, special guardian, for infant parties.

HICKEY, S. This is a proceeding to probate the last will and testament of Eugene L. Babcock, deceased. The instrument offered for probate was made and executed on the 6th day of February, 1911. On the 6th day of April following the testator died. By the terms of his will, among other bequests, he gave, upon the death of his wife, to the Home for the Friendless at Lockport, a benevolent domestic corporation, the sum of $600. The special guardian for the infant heirs has put in issue, under section 2624 of the Code, the validity, construction, and effect of this bequest; and it is conceded that, unless the will in question was "made and executed at least two months before the death of testator," the bequest is invalid. Decedent Estate Law, § 19.

Section 30 of the statutory construction law, which prescribes the method of computing time in cases like this, is as follows:

"A number of months after or before a certain date shall be computed by counting such number of calendar months from such day exclusive of the calendar month in which such day occurs and shall include the day of the month in the last month so counted having the same numerical order in days of the month as the day from which the computation is made unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of the month so counted."

The Court of Appeals, in Ryer v. Prudential Insurance Co., 185 N. Y. 6, 77 N. E. 727, pronounced this statute to be clear and plain; and both parties to this controversy cite and rely on that case as an authority sustaining their respective contentions. With some degree of reluctance I am forced to admit that the statute is not absolutely clear and plain to me, and I base my decision in the present case not so much upon a clear understanding of the statute as upon the construction given it by the Court of Appeals in the case referred to. In that case plaintiff's intestate died on the 27th day of April, 1901. The insurance policy upon his life provided, among other things, that:

"No suit or action at law or in equity shall be maintainable with respect to the payment of this policy, unless such suit or action shall be commenced within six months next after the decease of the person insured under this policy."

Suit to recover on this policy was commenced on the 28th day of October following decedent's death. The court held that the action was not commenced within six months after the death of decedent, and that no recovery could, therefore, be had. The 27th of October following decedent's death fell on Sunday, and 'it was contended on behalf of plaintiff that the action, having been commenced on the day following, was timely. This contention, however, did not prevail. It was conceded, however, in the case, and by implication the court 'so held, that, if the action could have been and had been commenced on the 27th of October, it would have been begun within the six months specified in the policy, and that a recovery could have been had. Applying this conclusion of the court to the case in hand, it would seem to follow that, the will in this case having been made on the 6th of February and testator having died on the 6th of April, he must, therefore, have died *within* two months after the making of the will. Hence if he died *within* two months after the making of the will, the will must have been made *within* two months before his death. In other words, if October 27, 1901, according to the decision in the Prudential Insurance Case, supra, was *within* six months after April 27th of the same year, it must follow that April 6, 1911, was *within* two months after February 6th of the same year. And, if April 6th was *within* two months after February 6th, February 6th must be *within* two months before April 6th. Again, it must follow from the decision referred to above that two months *after* a certain date means one thing, while *within* two months after the same date would mean a different thing. By the same process of reasoning it must follow that two months *before* a certain date means one thing, while *within* two months before the same date would mean a different thing.

Without attempting, therefore, to construe or analyze section 30 of the statutory construction law, but following the decision in Ryer v. Prudential Insurance Co., supra, as I understand it, I am forced to the conclusion that decedent did not make his will at least two months before his death, but made it *within* two months before his death and that, therefore, the bequest to the Home for the Friendless is invalid.

Decreed accordingly. ·