LAWRENCE CALAGNA, Respondent, v. SHEPPARD-POLLAK, INC., HYGRADE PLUMBING CO., INC., H. SAND & CO., INC., and ELCO ENGINEERING CO., INC., Appellants, Impleaded with ATLANTIC ELEVATOR CO., INC., Defendant.*

First Department, July 3, 1942.

*Revg. 177 Misc. 576.

*Henry Allen Mark* of counsel [*George A. Garvey*, attorney], for the appellant Sheppard-Pollak, Inc.

*James G. Purdy* of counsel [*John H. Brogan*, attorney], for the appellant Hygrade Plumbing Co., Inc.

*Charles F. Bachmann* of counsel [*John P. Smith*, attorney], for the appellant H. Sand & Co., Inc.

*Emanuel Morgenbesser*, for the appellant Elco Engineering Co., Inc.

*Herbert W. Beller* of counsel [*Henry Schantz*, attorney], for the respondent.

CALLAHAN, J.   On December 8, 1939, plaintiff was injured in a building known as 295 Flatbush avenue. Brooklyn, N. Y.; which was in the course of construction.

Defendant Sheppard-Pollak, Inc., was the general contractor, and the remaining defendants-appellants were subcontractors.

Plaintiff was in the employ of Calagna Bros. Inc., also a subcontractor. He sues the various defendants-appellants, alleging that their negligent conduct caused his injuries.

The first of the defendants-appellants to be served with the summons and complaint was Hygrade Plumbing Co., Inc. While there is a dispute as to whether such service was made on December 9, 1940, or December 10, 1940, we will assume, for the purpose of this appeal, that service was made on the earlier date. The other defendants-appellants were served on later dates. Each of the defendants-appellants answered and pleaded that plaintiff was barred from recovery because he had accepted workmen's compensation for the injuries sued on, pursuant to an award dated June 20, 1940, and because he did not commence this action within the time limited by law.

All of the defendants-appellants moved for summary judgment.

Plaintiff concedes the acceptance of workmen's compensation, and there appears to be no dispute concerning the facts, except with respect to the date of service on Hygrade Plumbing Co., Inc.

Since its amendment in 1937 (Laws of 1937, chap. 684), section 29 of the Workmen's Compensation Law has provided, in part:

" 1. If an employee entitled to compensation * * * be injured * * * by the negligence or wrong of another not in the same employ, such injured employee * * * need not elect whether to take compensation * * * or to pursue his remedy against such other but may take such compensation and at any time either prior thereto or within six months after the awarding of compensation, pursue his remedy against such other subject to the provisions of this section. If such injured employee * * * take or intend to take compensation * * * and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues. * * *

" 2. If such injured employee * * * has taken compensation under this chapter but has failed to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other to the * * * insurance carrier liable for the payment of such compensation."

Defendants-appellants contend that the foregoing provisions with respect to the limitation of the time within which plaintiff might sue third parties have been exceeded here, and that as a result thereof plaintiff was no longer the holder of the causes of action sued on when he brought this action, but that same had been assigned by operation of law to the employer or the insurance carrier who paid plaintiff's compensation. All of the defendants-appellants contend that this action was not commenced within one year from the date when the cause of action accrued; and, in addition, some of them contend that it was not commenced within six months after the award of compensation to plaintiff.

We find that the action was not commenced within a year from December 8, 1939, the date when it accrued. We deem it unnecessary, therefore, to consider the question as to whether the six months' period of limitation was exceeded. Having determined that the action was not commenced within the year required by the section, we find that the motions to dismiss the complaint should have been granted.

In denying the motions to dismiss the complaint, Special Term held that section 29 of the Workmen's Compensation Law was applicable only to the rights and obligations of the employee, employer and insurance carrier, and that the period of limitation within which plaintiff might sue a third party was controlled not by section 29, but solely by the three-year Statute of Limitations contained in subdivision 6 of section 49 of the Civil Practice

Act. It held that, as defendants-appellants were not the employers of plaintiff, the Workmen's Compensation Law was not intended to define their status, or to limit the rights of the injured employee against them. In support of these views Special Term cited decisions of the courts of this State which do contain statements to the effect that the Workmen's Compensation Law was not intended to define the status of third parties who had nothing whatever to do with that law, except to pay the damages for which they might be liable.

We find that these general statements of the purpose of the Workmen's Compensation Law are not controlling in the present situation.

Section 29 of the Workmen's Compensation Law, prior to its amendment in 1937, provided that an election to take compensation operated as an assignment to the employer or insurance carrier of any causes of action which the injured employee might have against a third party whose negligence had caused the injuries for which compensation was payable. (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273; *Lunn* v. *Andrews*, 152 Misc. 568; affd., 243 App. Div. 654; affd., 268 N. Y. 538.)

The amendments to section 29 adopted in 1937 altered to some extent the provisions for the assignment of claims against third parties. Since those amendments, compensation may be accepted by the injured person and an action brought against third parties as well, provided the injured workman commences the third-party action within the times specified in the amended section. In case such an action is brought, the carrier is granted a lien on the proceeds of any recovery by the injured employee from third parties, to the extent of any compensation which may have been awarded. But the amended section provides that if the injured employee has taken compensation and has failed to commence his action against the third party within the times specified therein, such failure operates as an assignment of the said cause of action to the employer, or the insurance carrier, or other persons liable for the payment of the compensation.

Although the Workmen's Compensation Law is not ordinarily construed as affording rights to negligent third parties, it is clear that it was not intended that it should create double liability on the part of such third parties. If an injured workman who has accepted compensation may sue a third party after the expiration of one year from the date of the injury, at which time, by force of the provisions of the statute, his cause of action has been assigned to the employer or insurance carrier, risk of double liability would exist. The amount which the employer or insurance carrier may recover from a negligent third person is not limited to the amount

of compensation he has paid, but he may proceed on the theory of subrogation to recover the damages sustained by the workman. (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co., supra.*) No such right could exist if the workman himself owned the claim, and had the right to prosecute it. The lien now awarded to the carrier by section 29 on the proceeds of any recovery in an action brought by an injured workman, would seem to exist only when the workman sues within the periods specified in the section. This would be so, because after those periods the carrier or other person paying compensation is made the owner of the claim, and not merely a lienor. When the action is brought by the insurance carrier, the rights of the injured person to share in any surplus above the amount of compensation awarded is limited by section 29 to two-thirds of such excess. This right is materially different from that which could exist if the injured person were the owner of the claim and might enforce it against third parties subject only to the lien of the employer or insurance carrier for compensation awarded.

Considering section 29 as a whole, we are unable to construe it in accordance with the findings of Special Term.

We are not unmindful of the recent decision of the Appellate Division, Second Department (*McCue* v. *Shea Co., Inc.*, 260 App. Div. 946). There, as appears from the facts stated in an opinion rendered by Special Term in the same case (175 Misc. 557), different circumstances were presented. The injured workman in that case, as in the present case, claimed the right to recover damages from several contractors who had been performing work on the building where he was injured. After the receipt of compensation he had brought suit against a number of these subcontractors, serving the summons and complaint within the year required by section 29. Having thus commenced his action against the third parties in time, he then moved, after the expiration of a year from the accrual of the cause of action, to implead an additional third party, one Angelilli. The latter contended that the failure to sue him within a year was a complete defense. This plea was overruled, apparently on the ground that as plaintiff brought his suit against some of the third parties in time, no assignment of the chose in action to the employer or insurance carrier had occurred.

In the present case service was not made on any of the third parties within the one-year period. Whether our views would be in accord with those expressed by the Second Department under the circumstances found in the *McCue* case (*supra*) need not be determined at this time.

Plaintiff-respondent further contends that, even if section 29 is applicable, he commenced his action within one year, for the

reason that his injuries were incurred on December 8, 1939, and December 8, 1940, the last day of the year allowed to bring suit, fell on a Sunday. He claims, therefore, that service made the following day, December 9, 1940, was within the year limited by statute. He refers us to section 20 of the General Construction Law and the decision of the Court of Appeals in *Tismer* v. *New York Edison Co.* (228 N. Y. 156) as supporting this contention.

We are constrained to hold that this further contention of plaintiff-respondent is likewise incorrect. Section 20 of the General Construction Law provides:

" Day, computation. A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. Sunday or a public holiday, other than a half holiday, must be excluded from the reckoning if it is the last day of any such period, or if it is an intervening day of any such period of two days. In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning."

It will be seen from a reading of this section that several different contingencies occurring in the computation of time are provided for. The first, and the one with which we are concerned, is where the last day of a given period falls on Sunday. The remaining provisions relate to the exclusion of the day on which an event occurs, etc. There is no doubt but that, under the present statute, the day when the event occurs must be excluded in reckoning the period of limitation of one year. Accordingly, one year from December 8, 1939, would expire on December 8, 1940. (See Gen. Constr. Law, § 58.)

The question, concerning which some doubt exists here, is whether in ascertaining when a period of a year expires we exclude the last day of that year because it falls on Sunday. Section 20 of the General Construction Law provides that Sunday is to be excluded only where " A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done * * *." It would seem, therefore, that the requirement for exclusion of Sunday has no application where the period of limitation specified is a year. A brief review of the cases construing this section bear out this construction.

In *Aultman & Taylor Co.* v. *Syme* (163 N. Y. 54) the Court of Appeals said, in construing former section 27 of the Statutory

Construction Law, which was the forerunner of the present section 20 of the General Construction Law: " It will thus be seen that we cannot hold that the Statutory Construction Law was intended to provide for a uniform rule for the computation of time, including ' years ' as well as ' days, weeks and months,' unless we ignore the statute as well as the ordinary rules of statutory construction." Accordingly, the court in that case held that the statute as it then existed did not permit the exclusion of the first day of reckoning, unless the period of reckoning was defined as one measured by days.

Following the decision in the *Aultman* case (*supra*), which was rendered in 1900, the Court of Appeals in 1906, in *Ryer* v. *Prudential Ins. Co.* (185 N. Y. 6), was called upon to construe the same provisions of the Statutory Construction Law in a case where a period of months was being measured, and the last day of a specified month fell on Sunday. It held that Sunday was not to be excluded in measuring such a period of time. Thereafter, and in 1910, section 20 of the General Construction Law (formerly Statutory Construction Law, § 27) was amended so as to make the provision requiring the exclusion of the first day in any period of computation applicable whether the period of time to be measured was one defined as a number of days, weeks, months or years. This amendment made the decision in the *Aultman* case (*supra*) obsolete as to all cases involving the question of the exclusion of the first day in any given period. (See *Tismer* v. *New York Edison Co., supra.*) However, as no similar amendment was made in the statute with respect to the provisions requiring the exclusion of Sunday in reckoning periods of time, it would seem to follow that the former decisions, such as *Ryer* v. *Prudential Ins. Co.* (*supra*), to the effect that no exclusion of Sunday takes place except where a period of days is involved, are still controlling. The amendment of 1910 did not alter the provisions of the second sentence of section 20 of the General Construction Law, which relates to the exclusion of Sunday in reckoning a period of time. Ever since the decision in the *Ryer* case that sentence has continued to provide that Sunday is to be excluded when it is the last day " of any such period." The antecedent of " any such period " unquestionably is " number of days " found in the first sentence of the section. This first sentence has likewise remained unchanged. If the Legislature had intended to alter the rule laid down in the *Ryer* case (*supra*), no doubt the first two sentences of section 20 of the General Construction Law (formerly Statutory Construction Law, § 27) would have been changed at the time that amendments were being made to the last two sentences. That Sunday is not to be

excluded when it is the last day of a period other than a period of days is further evidenced from a study of the earlier history of the statute under consideration. Without reviewing the subject further, it is sufficient to say that we find that the one-year period within which plaintiff was required to commence suit expired on December 8, 1940, despite the fact that that day was a Sunday; and that, therefore, on December 9, 1940, plaintiff no longer was the owner of the chose in action sued on.

For the reasons indicated, the orders appealed from should be reversed, each with ten dollars costs and disbursements, and the motions to dismiss the complaint granted.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Orders unanimously reversed, each with ten dollars costs and disbursements to the appellants, and the motions to dismiss the complaint granted.