## BENOIT v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.    May 3, 1904.)

1. LIMITATIONS—COMPUTATION OF TIME.

   Under Code, §§ 380, 383, providing that an action for injuries from negligence may be commenced within three years after the cause of action accrued, the day on which such a cause accrued must be included in reckoning the period of limitation, notwithstanding Laws 1894, p. 910, c. 447, § 27, providing that the day from which any specified number of "days, weeks or months of time is reckoned" shall be excluded in making the reckoning.

2. SAME.

   Under Code, §§ 380, 383, providing that an action for injuries from negligence must be commenced within three years after the cause of action accrues, where the last day of the limitation period is Sunday it must be included in reckoning the period, notwithstanding Laws 1894, p. 910, c. 447, § 27, referring to "a number of days specified as a period," and providing that Sunday must be excluded from the reckoning if it is the last day "of any such period."

3. TRIAL,—REMARKS OF COUNSEL.

   In an action against a railway company for injuries from the falling of a depot, where counsel, in spite of exceptions of opposing counsel and admonitions of the court, repeatedly referred to the discrimination by the railroad against the place where the depot was located, which was not referred to in the evidence, such remarks are a sufficient ground for reversal, though the court instructed the jury to disregard them.

Appeal from Special Term, Jefferson County.

Action by Anna Benoit against the New York Central & Hudson River Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Henry Purcell, for appellant.
V. K. Kellogg, for respondent.

HISCOCK, J.    This action was brought to recover damages for personal injuries received by the plaintiff through the falling of defendant's passenger depot at Cape Vincent, in Jefferson county.    The building collapsed during a severe windstorm, and it is claimed that defendant was negligent in not maintaining it in a proper condition of repair, strength, and safety.    The action is one of several arising out of the same accident.    The evidence in all of these is substantially the same, so far as it relates to the circumstances leading up to and surrounding the falling of the station, and to defendant's alleged negligence.    It differs in each case where it seeks to explain, account for, and justify the presence in the station of the person for whose injuries the particular action was brought.    In the last case before this court (Fitzgerald v. N. Y. C. & H. R. R. Co., 84 App. Div. 59, 81 N. Y. Supp. 1109), the person injured went to the station for the purpose of meeting at an adjacent dock a relative who was coming upon a boat not in any manner belonging to, or under the control of, the defendant.    In the case at bar, plaintiff visited the station for the purpose of inquiring about the arrival of one of defendant's trains, by which she expected a let-

ter. In addition to arguing the issue of defendant's negligence, appellant's counsel urges that plaintiff was not in the station under any such conditions as imposed upon his client obligations justifying a recovery. We deem it unnecessary to examine these questions thus presented, because our conclusion to adopt the views urged by defendant's counsel upon other points leads to a decision not only reversing the judgment, but, if correct, barring any future recovery. The one of these contentions which we shall first consider is that plaintiff's action had become barred by the statute of limitations before it was commenced.

The accident occurred in the early evening of September 11, 1895. There being no disabilities, the Code required plaintiff to commence her action "within three years after the cause of action * * * accrued." Sections 380, 383. She did commence it September 12, 1898. In the year of such commencement, September 11th came upon Sunday, and, to sustain her claim that she commenced her action seasonably, plaintiff must maintain each of the two propositions, that, in computing the three years, the day upon which the accident happened is to be excluded, and that Sunday, as the last day of the third year, is also to be excluded.

A solution of these problems necessitates a consideration of the statutory construction law. Section 27 of that law, as amended by chapter 447, p. 910, Laws 1894, provides:

"Sunday or any day of the week specifically mentioned means a calendar day. A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. Sunday * * * must be excluded from the reckoning if it is the last day of any such period, or if it is an intervening day of any such period of two days. In computing any specified number of days, weeks or months from a specified event, the day upon which the event happened is deemed the day from which the reckoning is made. The day from which any specified number of days, weeks or months of time is reckoned shall be excluded in making the reckoning."

We feel that the case of Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57 N. E. 168, 79 Am. St. Rep. 565, is a controlling authority adverse to the successful maintenance by the plaintiff of her first proposition. That case involved a consideration of the time within which an execution may be issued upon a judgment without leave of the court. Section 1375 of the Code provides that such execution may be issued of course "at any time within five years after the entry of the judgment." If the day upon which was docketed the judgment involved in that case was to be excluded in the computation, the execution had been duly issued within the time limited, and the important question therefore became whether the day of docketing was to be excluded from, or included within, the five years. The court, after a careful consideration of the statutory provisions hereinbefore quoted, reached the conclusion that the provisions excluding the day upon which any event happened from a computation of the days, weeks, or months within which an act was to be taken could not be construed to include or apply to a period of years; that, immediately upon docketing the judgment, the creditor became entitled to issue execution; and that,

in the absence of statutory provisions excluding the day of docketing from the computation of the five years, it was to be included in said period.  We see no way in which to distinguish the case at bar from the reasoning and conclusions adopted by the Court of Appeals in the Aultman Case.  Immediately upon the happening of the accident to the plaintiff, her cause of action accrued, and she was entitled to have her summons issued and her action commenced.  In that respect her rights became as perfect and fixed as did the rights of the judgment creditor to an execution upon the docketing of his judgment.  The same reasoning which held that the exclusion of the day of the happening of an event from the computation of the statute of limitations did not apply to a period of five years, within which an execution might be issued, also applies to the period of three years within which plaintiff was required to commence this action.  The opinion to which we have referred deals so elaborately with the construction of the statute which is here under review, and with a question which, to our minds, is identical with the one presented here, that it seems neither necessary nor profitable to review the subject more at length, and we content ourselves with stating the results reached by the Court of Appeals.

If, however, it were possible for us to have misconstrued the decision in the Aultman Case, and to have fallen into error in our conclusions upon the first proposition above outlined, we still think it must be held that Sunday could not be excluded from the computation of the period of three years, and that for that reason plaintiff was late in commencing her action.  It is the undoubted rule that, in the absence of some statutory provision, Sunday, as a last day, cannot be excluded in the computation of a period of limitations, and the doing of an act postponed until the following day.  Dorsey v. Pike, 46 Hun, 112.  It therefore becomes important to ascertain whether there is anything in the statute which in the case before us permitted the exclusion of Sunday, being the last day of the period within which plaintiff might serve her summons.  We do not think there is any such provision.  The clause of the statute upon that point says that "Sunday * * * must be excluded from the reckoning if it is the last day of any such period." The words "such period" refer to the preceding sentence in the statute, which relates to "a number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done." The simple reading of the statute, therefore, makes it quite plain that Sunday, being the last day of the period, is to be excluded only when it is the last day in a period of days, and that this provision does not apply where it is the last day in a period of years.  This construction is amply sustained by the principles underlying the construction adopted in the Aultman Case with reference to the other clauses of the statute.  We think such construction is also fortified by a reference to the statutory provisions which were repealed and supplanted by the statutory construction law.  Section 788 of the Code, which has thus been repealed, provided:

"The time within which an act in an action or special proceeding * * * is required by law to be done must be computed by excluding the first and in cluding the last day. * * * If the last day is Sunday or a public holiday it must be excluded."

Assuming that such section covered the commencement of an action, as "an act in an action or special proceeding," it made the exclusion of Sunday independent of the fact that it was the last day in a period composed of days, months, or years. It was to be excluded when it was the last day of any period whatever. It therefore is significant that the present statute, being enacted with reference to the same general subject formerly covered by this section of the Code, limits the occasions under which Sunday, as the last day, may be excluded, and confines such exclusion to periods composed only of days, and does not permit it where a period is involved extending into years. Nor is it difficult to find a sufficient and valid reason for this distinction between periods of days and of years. Where a party is given only a few days within which to perform an act, it is reasonable enough that his time should not be shortened by the occurrence of Sunday as the last day. But where a party has twenty or ten or six or three years within which to commence an action, and chooses to delay such commencement, it does not seem necessary to give him still further indulgence by making allowance for Sunday when it is the last day.

We therefore reach the conclusion that plaintiff is not entitled to have excluded the day upon which her cause of action accrued, and, that having happened upon September 11, 1895, her time within which to commence this action expired September 10, 1898; also that, if the day of the happening of the accident was to be excluded, Sunday, September 11, 1898, was not to be excluded, and plaintiff lost her right of action by delaying the service of her summons until the following day.

We also feel compelled to hold that the judgment appealed from should be reversed because the counsel for the plaintiff, in summing up his case, traveled outside of the evidence, and made various statements not founded thereon, and of which the only purpose and result could have been to improperly excite the prejudices of the jury.

In substance, the following took place during the summing up by plaintiff's counsel:

"By Mr. Purcell: I except to the language of counsel in stating that the defendant has largely arrogated to itself the public utility at Cape Vincent. By the Court: There is no evidence of that fact, gentlemen of the jury, and the remarks are evidently inadvertent and have no application to this case, and you should disregard them."

Further on in the summing up by plaintiff's counsel, Mr. Purcell stated:

"To the remark of counsel that defendant failed to repair this building because they desired to obtain dividends so that they could spend countless millions at Newport, I want an exception to. By the Court: I think I must say to the jury that these matters are all outside of this case, and that counsel should not allude to such matters. They do not belong to the consideration of the case at all, and you should exclude it from your mind. Plaintiff's Counsel: I don't know that I can suggest to you the reason why this defendant didn't repair this building as it ought to have, unless it was by a pinching policy, so that it could fill its coffers with the money it ought to have spent on this building. If there is any distinction between that other remark and this one, it is too subtle for me to appreciate. By Mr. Purcell: I take a further exception to the remarks of the counsel."

Further on in the summing up by plaintiff's counsel, he said:

"You will remember how the railroad formerly made Cape Vincent its principal point, and you know how its blighting breath was blown upon it, and

it was diverted elsewhere. It is a matter of common, open, notorious history. By Mr. Purcell: I except to the remarks of the counsel. I can't do any more. Your honor has done what you could. By the Court: You can take an exception to the remark. I again caution counsel that he is endangering his client's case by unnecessary and irrelevant allusions. I say that clients have a right to demand of their counsel carefulness along this line. The rules governing the conduct of trials and the summing up of counsel are very well understood. Counsel should discuss the evidence in this case. There can be no pretense that there is any evidence on those questions. By Plaintiff's Counsel: No."

We appreciate that a zealous counsel, in summing up his client's cause, and speaking earnestly and extemporaneously, may sometimes inadvertently make statements and draw inferences of fact which are not strictly and literally within the lines of the evidence, and that when this has occurred, and court and counsel have united in correcting the misstatements, and in remedying any possible damage which they may have caused to the opposing litigant, an appellate court should not be eager to reverse a judgment. It is, however, too well settled to require argument or citation that where counsel, with apparent design and persistence, makes inflammatory and damaging statements of facts not found in the evidence, and calculated to excite the passions of the jury, it is the duty of an appellate court, upon review, to set aside a verdict obtained under such circumstances. Such reversal will not be withheld even though the trial judge has corrected the misstatements and directed the jury not to consider the same. Williams v. B. E. R. R. Co., 126 N. Y. 96, 26 N. E. 1048; Halpern v. Nassau Electric R. R. Co., 16 App. Div. 90, 45 N. Y. Supp. 134; Stewart v. Met. St. R. R. Co., 72 App. Div. 459, 76 N. Y. Supp. 540. In the case before us plaintiff's counsel seems to have been misled by his zeal into disregarding the admonitions of the court, and into making statements with reference to the defendant which were so plainly aimed at the prejudices of the jury that we cannot safely assume them to have been without effect, even though corrected by the trial justice. The counsel for the plaintiff has, at best, an advantage with the jury, through the rule which allows him to address them last. Justice and the ordinary conduct of the trial require that he should fairly confine his summing up to the evidence in the case. It is difficult for the opposing counsel to adequately protect the interests of his client against the address of a counsel who is unwilling so to do. There is no question but that a counsel is apt to excite prejudice if he continually, even though rightfully, interrupts the address of his opponent to correct misstatements. Upon the other hand, if the latter are allowed to go unchallenged at the time, and until the summing up is concluded, an objection then made, with a repetition of the misstatements, does little more than to repeat and emphasize the injury already done.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event, upon questions of law only; the facts having been examined, and no error found therein.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event, upon questions of law only; the facts having been examined, and no error found therein. All concur.