William F. Kimber, for appellant.

Gustav Lange, Jr., for respondent.

O'BRIEN, J.   The cases of Reitmayer v. Crombie, 94 App. Div. 303, 87 N. Y. Supp. 973, and O'Rourke v. U. S. Mortgage & Trust Co., 95 App. Div. 518, 88 N. Y. Supp. 926, are authority for the proposition that where a recovery is sought upon the theory of a contract which has been performed, and wherein the answer denies full performance, a defendant is not required to give the particulars in which the plaintiff has failed to perform; and for the good and sufficient reason that such knowledge is as much within the possession of the plaintiff as of the defendant, and before the former can recover it will be necessary to prove full performance.

It will be noticed that, although the answer alleges that the defendant expended certain moneys for labor and materials in completing the contract, and in the sale and delivery of certain flooring and planking, these are not pleaded as counterclaims, but are set up by way of offset, and no affirmative judgment is asked.   They are undoubtedly good by way of defense, because to that extent they have a tendency to disprove the plaintiff's allegation of performance; but it is questionable whether, under the present Code, a defense by way of offset any longer exists in our practice.   It is unnecessary, however, to decide that question here, because the facts stated which tend to show that the defendant expended a large sum of money in completing the contract, and sold and delivered to the plaintiff a certain amount of planking and flooring in connection therewith, would support the defense of nonperformance.   With respect to such defense, we think that the plaintiff is entitled to the particulars; but with respect to all the other allegations of the answer which negative the claim of performance by the plaintiff, the defendant should not be required to give the particulars.

The order should accordingly be modified, to the extent indicated, by requiring the defendant to furnish only the particulars specified in the paragraphs numbered fifth and ninth in the order, and, as so modified, it should be affirmed, without costs.   All concur.

---

(100 App. Div. 5)

### KINNE v. INTERNATIONAL RY. CO.

(Supreme Court, Appellate Division, Fourth Department.   December 7, 1904.)

1. TRIAL—MISCONDUCT OF COUNSEL—INFLAMMATORY ARGUMENT.

In an action for injuries, defendant only litigated the question of damages.   Defendant's employés operating one of the colliding cars in which plaintiff was injured had been indicted for criminal negligence, and a change of venue had been granted for prejudice of the inhabitants of the county.   Plaintiff's counsel, in argument, stated that the accident occurred through the criminal negligence of defendant, to which an objection was sustained, and later asked the jury to bring in such a verdict as would teach defendant and all similar corporations that their railroads must be run with some regard to the safety of human life and limb.   Defendant

objected to this, but the objection was overruled, and a verdict returned for plaintiff for $17,952.04. *Held*, that such argument constituted reversible error.

McLennan, P. J., dissenting.

Appeal from Special Term, Niagara County.

Action by William W. Kinne against the International Railway Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Morris Cohn, Jr., for appellant.
G. S. Van Gorder, for respondent.

SPRING, J. The plaintiff, while a passenger on one of the defendant's cars, was very seriously injured in a collision at Burt, in the county of Niagara, on July 4, 1903. The liability of the defendant was conceded upon the trial, and the only question litigated was the amount of damages to which the plaintiff was entitled. He was 28 years of age, a route agent in the rural free delivery service of the national government, at a salary of $600 a year, and has obtained a verdict of $17,775. In the collision others were injured, and much publicity was given to the catastrophe in the county of Niagara. In view of the severity of the injuries inflicted upon the plaintiff, the wide circulation given to the account of the unfortunate accident, and the fact that there was no defense to the action, it was particularly important that nothing be done at the trial to inflame the jurors, for, at best, a calm, dispassionate consideration of the extent of the plaintiff's injuries would be difficult to obtain.

The counsel for the plaintiff, in his summing up, stated "that the accident occurred through the criminal negligence of this defendant corporation." Upon objection of the defendant's counsel, the court very properly said, "There has been no criminal negligence," and directed the counsel to "keep within the lines." The motorman and conductor operating one of the colliding cars had been indicted for criminal negligence in connection with the accident, and the trial of the indictment had been changed to Orleans county by reason of the apprehension that an impartial trial might not be had in the county of Niagara, where the collision occurred. The statement of the counsel was calculated, insidiously but effectively, to attract the attention of the jurors to the fact of the crime charged against the men claimed to be directly responsible for the collision, and it would naturally tend to inflame their minds, and induce them to magnify the damages which the plaintiff had sustained. Counsel did not heed the admonition of the court, but, in his zeal, proceeded to comment on matters not disclosed by the evidence, and the only purpose of which was to excite the jury unduly in favor of the plaintiff. Passing over two or three of these indiscretions, their climax is as follows:

"So I say that when the defendant comes in here and asks that it have a fair trial, when the defendant comes in here and criticises the plaintiff for bringing his action as quickly as he did, that it should be met by the proper exhibition of a fair, disinterested, proper, and just verdict here in behalf of this plaintiff—such a verdict as will teach the defendant and all similar corporations or people who employ people that their affairs, their railroads, their machinery, or what not, must be run with a view or regard to the safety of human life and limb."

The counsel for the defendant promptly excepted to the statement "that a verdict should be rendered on any such basis that would teach the defendant anything whatsoever," and "asked the court to instruct the jury that that is not an element of the case which they can consider," which the court declined to do, and an exception to this ruling was taken. The import and vice of the statement of the plaintiff's counsel are that the jury were not to be limited to pecuniary damages in awarding their verdict, but might allow damages as "smart money," to teach the defendant to operate its cars with greater regard for the safety of its passengers and the public. This unfounded measure of damages received the sanction of the court, in that the statements of counsel suggesting this rule passed unrebuked and uncorrected after attention had been pointedly directed to them by the counsel for the defendant. The Court of Appeals has condemned statements of this kind tending to awaken the prejudice or arouse the passion of the jury and divert attention from the facts which it is their province to determine. Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494; Cattano v. Met. St. Ry. Co., 173 N. Y. 565, 66 N. E. 563. In commenting upon infractions of this kind the court in the latter case say at page 571, 173 N. Y., page 565, 66 N. E.:

"A verdict should be found only on the law and the evidence. Appeals to prejudices or passion, and the statement of facts neither proved nor presumed, have no place in a trial conducted according to the rules of the common law. The statement in question was calculated to arouse prejudice and lead the jury away from the evidence. It was not warranted even if similar remarks had been made by the defendant's counsel, which is suggested, but not shown by the record. It would have justified the trial court or the Appellate Division in exercising the great power of dealing with the facts, which is intrusted to them, but not to us, by setting aside the verdict and granting a new trial. The Court of Appeals, however, can reverse only on an exception taken to a ruling of the court, and no exception relating to the subject raises an error that we can review."

In that case the judgment was affirmed because there was no attempt by the counsel for the defendant to check the improper remarks or to ask the court to interpose. After the charge an exception was taken to the remarks made, but there was no ruling to which an exception could be taken.

This court has also been emphatic in denouncing inflammatory appeals of this kind. Benoit v. N. Y. C. & H. R. R. Co., 94 App. Div. 24–29, 87 N. Y. Supp. 951; Sweeney v. N. Y. C. & H. R. R. Co., 83 App. Div. 565, 81 N. Y. Supp. 1112; Strickland v. N. Y. C. & H. R. R. Co., 88 App. Div. 367, 84 N. Y. Supp. 655. In the Benoit Case the court, at page 30, 94 App. Div., page 955, 87 N. Y. Supp., say:

"It is, however, too well settled to require argument or citation that where counsel, with apparent design and persistence, makes inflammatory and damaging statements of facts not found in the evidence. and calculated to excite the passions of the jury, it is the duty of an appellate court, upon review, to set aside a verdict obtained under such circumstances. Such reversal will not be withheld, even though the trial judge has corrected the misstatements and directed the jury not to consider the same."

The counsel for the defendant promptly asked for the interposition of the court whenever opposing counsel overstepped the bounds of propriety in his remarks. This was the proper method to counteract the sting of these assertions, or to secure consideration of their damaging effect on appeal. Dimon v. N. Y. C. & H. R. R. Co., 173 N. Y. 356, 66 N. E. 1. Beyond this, exception was taken at once to the court's refusal to instruct the jury that the counsel was in error in stating in effect that exemplary damages were permissible.

In the present case there was less excuse for infractions of this character, and more reason for curtailing the summing up strictly to the facts, than in any of the cases cited. The plaintiff was bound to receive from the jury at least the full measure of his damages, and it was incumbent upon the counsel to refrain from impassioned oratory, wholly imaginary in the facts stated or suggested, and which were calculated to stretch the verdict beyond the actual damages sustained by the plaintiff. The verdict is an unusually large one, and may have been liberally enlarged because of the uncalled-for remarks adverted to. The judgment and order should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted, with costs to the appellant to abide the event, upon questions of law only; the facts having been examined, and no error found therein. All concur, except McLENNAN, P. J., who dissents.