Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EDWARD HUDSPITH, JR., Respondent, for Compensation under the Workmen's Compensation Law, *v.* PIERCE-ARROW MOTOR CAR COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 14, 1917.

**Workmen's Compensation Law — time of filing claim — day from which period is reckoned excluded.**

Under section 28 of the Workmen's Compensation Law, providing that claims for compensation must be filed within one year after the injury, a claim filed on January 10, 1917, for an injury which happened on January 10, 1916, is in compliance with the statute.

Since the amendment to section 20 of the General Construction Law by chapter 347 of the Laws of 1910, the day from which any specified period of time is reckoned is excluded in making the reckoning, whether time be reckoned by days, weeks, months or years.

APPEAL by the defendants, Pierce-Arrow Motor Car Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 28th day of March, 1917.

*William H. Foster,* for the appellants.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

COCHRANE, J.:

The accident happened January 10, 1916. Section 28 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) provides that the right to compensation shall be forever barred unless within one year after the injury a claim for compensation is filed with the Commission. The claim in this case was not so filed until January 10, 1917. The appellants contend that in computing time reckoned by years, the day from which the time is reckoned must be included in the reckoning, and that the claim, therefore, was not filed within one year. So it was held in *Aultman & Taylor Co.* v. *Syme* (163 N. Y. 54) and *Benoit* v. *New York*

*Central & Hudson River Railroad Co.* (94 App. Div. 24). Those decisions were based on the Statutory Construction Law (Gen. Laws, chap. 1 [Laws of 1892, chap. 677], as amd. by Laws of 1894, chap. 447), which provided in section 27 as follows: "The day from which any specified number of days, weeks or months of time is reckoned shall be excluded in making the reckoning," and made no reference to years. That provision of the statute became part of section 20 of the General Construction Law (Consol. Laws, chap. 22; Laws of 1909, chap. 27). In the case of *Aultman & Taylor Co.* v. *Syme* (*supra*) the court said that while the statute specifically declared that "the day from which any specified number of days, weeks or months is reckoned shall be excluded in making the reckoning," no such provision was made in the statute for computing periods of years, and that under the principle *expressio unius est exclusio alterius* a computation of time reckoned by years should include the first day from which the time was reckoned instead of excluding the same, as the statute specifically required in the case of days, weeks or months. The court further remarked: "Had the Legislature intended to apply that method to periods of years it could have disposed of the whole subject in a single sentence by saying that the day from which any specified period of time is to be reckoned shall be excluded from the reckoning." The Legislature expressly acted on this suggestion and adopted almost the identical language of the court in chapter 347 of the Laws of 1910, by amending section 20 of the General Construction Law so as to substitute for the sentence, "The day from which any specified number of days, weeks or months of time is reckoned shall be excluded in making the reckoning," the following sentence: "The day from which any specified period of time is reckoned shall be excluded in making the reckoning." The rule, therefore, is now the same whether time be reckoned by days, weeks, months or years. In any event the day from which the reckoning is made must be excluded. It follows that the claim was filed with the Commission within one year.

The award should be affirmed.

Award unanimously affirmed.