JENNIE B. RUSSELL, Plaintiff, *v.* FRANK W. KNIFFIN, Defendant.

Supreme Court, Steuben County, June, 1922.

Negligence — personal injuries — trial — Statute of Limitations — instructions to jury — proper for jury to find date of accident and time when attempt was made to commence action — General Construction Law, § 20.

In an action for personal injuries plaintiff testified that the accident happened on August 8, 1917, defendant that it was just one week earlier. Defendant's counsel in summing up argued that since the cause of action accrued August 1, 1917, the action commenced on August 2, 1920, was barred by the Statute of Limitations. Counsel for plaintiff thereupon called the attention of the court to the fact that there was no proof that the summons in the case was served on August 2, 1920. Upon the court reminding counsel, at the close of the case, that there was a defect in the record relating to the Statute of Limitations it was shown that the summons was served on August 2, 1920, the plaintiff's attorney testifying that he had placed the summons in the hands of the sheriff for service on July 31, 1920. The jury was instructed that if it found that the accident happened on August 8, 1917, the action was in time, and the Statute of Limita-

tions need not be considered. The jury was also instructed that if it were satisfied that the accident happened on August 1, 1917, it should then determine whether the summons was delivered to the sheriff on July 31, 1920, with intent that it be served and that if that were not done, plaintiff's right to recover was barred. A further instruction was to the effect that if the jury found as a fact that the summons was delivered to the sheriff on July 31, 1920, it should pass upon the merits of the action. Upon denying a motion for a new trial upon the minutes, after a verdict in favor of defendant, *held*, that there was no error in permitting the jury to find the date on which the accident happened and also whether the attempt to commence the action was made on July 31, 1920.

The court, without suggestion from the parties to the action, was not bound to take judicial notice that August 1, 1920, was a Sunday. Even if it had so appeared, under section 20 of the General Construction Law, as amended by Laws of 1910, chapter 347, the instructions to the jury were right.

MOTION on behalf of the plaintiff for a new trial made upon the minutes of the court.

*James O. Sebring,* for plaintiff.

*F. E. Whiteman,* for defendant.

STEPHENS, J. This is an action to recover for personal injuries alleged to have been received by the plaintiff through defendant's negligence.

The motion is predicated chiefly upon the proposition that the court erred in submitting to the jury, in any fashion, the question of the Statute of Limitations.

The defendant pleaded the statute. During the course of the trial the court stated, or audibly assumed, that the action was commenced by the service of the summons on August 2, 1920. The plaintiff gave evidence to the effect that the accident in which plaintiff was injured occurred August 8, 1917, while the defendant's testimony tended to establish that it was one week earlier, on August 1, 1917. The defendant's counsel in his summary argued that since the cause of action accrued on August 1, 1917, the action, commenced on August 2, 1920, was barred by the Statute of Limitations. The counsel for the plaintiff then called to the court's attention the fact that there was no proof in the case that the summons was served August 2, 1920. At the close of the summaries the court reminded the counsel that there was a defect in the record relating to the application of the statute. Additional testimony was then heard and it was shown that the summons was served on August 2, 1920, and the plaintiff's attorney testified that the summons had been placed in the hands of the sheriff for service on the 31st day of July, 1920.

Upon the record as it then stood the jury was instructed in substance that if it found that the accident happened on August 8, 1917, the action was commenced in time and that it would not be required to consider the Statute of Limitations; but if on the

contrary it was satisfied that the accident happened on August 1, 1917, there would then need to be determined whether or not the summons was placed in the hands of the sheriff on July 31, 1917, with the intention that it should be served, and if that were not done the Statute of Limitations had run against the plaintiff's cause of action and she could not recover. If, however, it should be found as a fact that the summons was delivered to the sheriff on July thirty-first then it should pass upon the merits of the plaintiff's cause of action.

Plaintiff's counsel, as before stated, excepted to the submission to the jury of the question of the Statute of Limitations. The jury rendered a verdict for the defendant, although it does not, of course, appear whether for the reason that the cause of action was barred by the statute or whether upon the merits. If the Statute of Limitations were in no way involved here and the jury decided against the plaintiff upon the merits, in such a finding the court would entirely concur. It is necessary, however, to inquire whether or not the instructions to the jury, to which exception was taken, were right or wrong.

The plaintiff's counsel relies solely, yet confidently, upon the fact, first brought to the attention of the court after the verdict was rendered, that August 1, 1920, fell upon Sunday and is, therefore, not to be counted in computing the period of limitation; that service of the summons having been made on the day following, the action was actually started in time, even though the accident happened on August 1, 1917, regardless of whether or not the summons was placed in the hands of the sheriff for service on July 31, 1920.

There are two answers to this position, either one of which in my judgment is adequate to justify a denial of the motion.

The motion is made upon the minutes. It is not apparent from the record whether or not Sunday and August 1, 1920, were coincident. It was not incumbent upon the court to take judicial notice of that fact without suggestion from either the plaintiff or the defendant. If August first had been Wednesday and the instructions were right in such circumstance they are equally good though the day was in fact Sunday. *Walton* v. *Stafford,* 14 App. Div. 310; affd., on different theory, 162 N. Y. 558.

The instructions were right even if it had appeared in the record that August first fell on Sunday.

The situation is controlled by section 20 of the General Construction Law. Prior to the amendment of 1910 (Chap. 347) it provided that " The day from which any specified number of days, weeks or months of time is reckoned shall be excluded in making the reckoning." It was held that this language did not

apply to periods of years, and that in computing such periods the day from which they were to be reckoned was included in those periods. *Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54; *Benoit* v. *N. Y. Central & H. R. R. R. Co.,* 94 App. Div. 24.

The amendment above referred to made a uniform beginning for all periods of time, however designated, in the provision that " In computing any specified period of time from a specified event the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning." *Hudspith* v. *Pierce-Arrow Motor Car Co.,* 180 App. Div. 147; *Prokop* v. *Bedford Waist & Dress Co., Inc.,* 187 id. 662; *Tismer* v. *New York Edison Co.,* 228 N. Y. 156.

The period of limitation of plaintiff's cause of action, assuming it accrued on August 1, 1917, expired August 1, 1920; the day was Sunday, and it is not to be excluded in calculating the time, for Sunday is only excluded if it be the last day of a period within which an act is required to be done when the period is specified as a number of days or if it be an intervening day of any such period of two days; if the period is measured by weeks, months or years, this rule of exclusion is not applicable; the statute is susceptible of no other interpretation, and the authorities are compelling. *Benoit* v. *N. Y. Central & H. R. R. R. Co., supra; Ryer* v. *Prudential Ins. Co.,* 185 N. Y. 6; *Siegelschiffer* v. *Penn. Mut. Life Ins. Co.,* 248 Fed. Rep. 226.

Being of the opinion that there was no error in permitting the jury to find both the date on which the accident occurred and whether the attempt to commence the action was made on July 31, 1920, the motion is denied, with ten dollars costs.

Ordered accordingly.