FRANK KRAUS, Respondent, v. M. & G. W. CORPORATION, Defendant, Impleaded with LEON SOBEL, Appellant.

First Department, December 1, 1922.

Master and servant — action by janitor of building to recover for personal injuries — defense that sole remedy was under Workmen's Compensation Law — verdict of jury that accident did not arise out of and in course of employment against weight of evidence — plaintiff gave details of injury in bill of particulars and by testimony of himself and physician — error to exclude testimony on behalf of defendant of physician attached to hospital to which plaintiff was taken — arguments of counsel — statement by plaintiff's attorney that defendant wanted plaintiff to apply for compensation and then plead Statute of Limitations in this action was prejudicial error — prejudice augmented by court's rebuke to defendant's attorney when he objected to statement.

In an action by a janitor of a building to recover damages for personal injuries suffered when a platform of a stairway fell while he was standing thereon, in which the defendant interposed the defense that the plaintiff's sole remedy was under the Workmen's Compensation Law, the verdict of the jury that the accident did not arise out of and in the course of employment was contrary to the evidence.

It was error for the court to refuse to admit the testimony, offered by the defendant, of a physician attached to the hospital to which the plaintiff was taken after the injury, concerning the details of plaintiff's injury, where it appears that plaintiff had furnished a detailed description of his injury in a bill of particulars, had testified fully concerning his injuries and the treatment he had received, had placed in evidence a radiograph taken at the hospital and had called a physician as an expert who had made a physical examination of him and who testified fully as to the condition in which he found the plaintiff.

It was prejudicial error for the attorney for the plaintiff to state in his summation to the jury that " What the defendant wanted was to have the plaintiff apply for compensation, then they would take it to the Court of Appeals and then plead the Statute of Limitations, when this case was not brought, and this poor plaintiff would not get a nickel for his injury."

The prejudice in allowing plaintiff's attorney to make the improper statement was greatly augmented by the court's rebuking defendant's attorney for objecting to said statement and directing him to show cause why he should not be punished for his contempt in interrupting the proceedings of the court.

APPEAL by the defendant, Leon Sobel, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of February, 1922, upon the verdict of a jury for $15,000, and also from an order entered in said clerk's office on the 23d day of February, 1922, denying defendant's motion for a new trial made upon the minutes.

*Bertrand L. Pettigrew* of counsel [*Walter L. Glenney* with him on the brief], for the appellant.

*Speiser & Speiser* [*Milton Speiser* of counsel; *Joseph Speiser* with him on the brief], for the respondent.

PAGE, J.:

The action was to recover damages for personal injuries sustained by reason of the alleged negligence of the defendant. The plaintiff was employed by the defendant as janitor of certain premises. While he was going from the first floor to the basement of the building by means of a stairway leading into a courtyard, the platform of the stairway gave way and plaintiff fell to the pavement of the yard and sustained the injuries for which this action was brought. The defendant had complied with the Workmen's Compensation Law by securing compensation to be paid to his injured employees. The principal question litigated was whether the injury to plaintiff occurred in the course of, and out of his employment. We are of opinion that the verdict upon this question was contrary to the weight of the evidence. Irrespective of this the judgment would have to be reversed and a new trial ordered because of two prejudicial errors.

Plaintiff had furnished a detailed description of his injuries in a bill of particulars and had testified fully concerning his injuries and, so far as he was able, the treatment he had received, and produced a radiograph taken at the hospital, and also called a physician as an expert who had made a physical examination of the plaintiff and who testified very fully as to the condition in which he found the plaintiff. He, himself, has given to the public the full details of his case. The defendant called the physician attached to the hospital to which the plaintiff was taken, but when he was interrogated concerning the case the court sustained the objection on the ground that the physician could not disclose any information which he acquired in a professional capacity. (Civ. Prac. Act, § 352.) Such a ruling was in line with the earlier decisions, but the Court of Appeals in *Capron* v. *Douglass* (193 N. Y. 11, 17) altered the rule of the earlier cases and held that where the plaintiff testifies to his injuries and their results and it appears that he has been treated by a physician in regard to them, the physician may then be called by the defendant and examined as to any information acquired by him in the course of such consultation or treatment. Where, therefore, " the patient tenders to the jury the issue as to his physical condition it must in fairness and justice be held that he has himself waived the obligation of secrecy which would otherwise exist." (*Hethier* v. *Johns,* 233 N. Y. 370, 372.) It was, therefore, error to exclude the physician's testimony.

In the course of his summation to the jury the counsel for the plaintiff stated: " What the defendant wanted was to have the plaintiff apply for compensation, then they would take it

to the Court of Appeals and then plead the Statute of Limitations, when this case was not brought, and this poor plaintiff would not get a nickel for his injury." Such a statement was entirely improper in a summation and was designed to excite the prejudice of the jury against the defendant for interposing the defense that the plaintiff's sole remedy was under the Workmen's Compensation Law.

The defendant's counsel attempted to object and the following appears upon the record: " Mr. Pettigrew: Your Honor, I object to the statement of counsel. The Court: I will hold you for contempt of court if you rise and break in this way again. I have been more than courteous to you. Get up and apologize for what you have done. You know very well you have no right to do a thing of that kind. Mr. Pettigrew: Your Honor, I feel that it is my duty — The Court: You know the rule; you know you have the right to call the court's attention to it after it is over. Mr. Pettigrew: Will your Honor let me make a statement? The Court: I will allow you to make your statement if you make it properly. Mr. Pettigrew: I say I consider it my duty, when counsel deliberately misstates a fact to the jury in connection with the case — The Court: You refuse to withdraw what you said? Mr. Pettigrew: I ask your Honor — The Court: You will show cause before me at four o'clock why I should not punish you for contempt. Go on with the case. There has been too much of this, altogether; it is time to have it stopped, and I am going to stop it."

In objecting, as he did, to an improper statement of the plaintiff's counsel in his summation the defendant's counsel was pursuing the proper practice. In *Kinne* v. *International R. Co.* (100 App. Div. 5, 8) the court said: " The counsel for the defendant promptly asked for the interposition of the court whenever opposing counsel overstepped the bounds of propriety in his remarks. This was the proper method to counteract the sting of these assertions or to secure consideration of their damaging effect on appeal."

In *Dimon* v. *N. Y. C. & H. R. R. R. Co.* (173 N. Y. 356, 358) the court said: " If the summing up passes beyond the bounds of legal propriety in the judgment of defendant's counsel it is the duty of the latter to object, specifically, and point out the language deemed objectionable, requesting the court to rule on the objection, and except to the ruling if adverse. The court should also be requested to admonish counsel to desist from such infraction of the rule and direct the jury at the proper time to disregard improper statements of counsel." (*Crumpton* v. *United States,* 138 U. S. 361.)

In *Cattano* v. *Metropolitan St. R. Co.* (173 N. Y. 565, 571) a

similar rule is laid down.   In that case the exception to the remarks was not taken until after the charge, which the court held to be unavailing to present the question for review in that court, but said: " It would have justified the trial court or the Appellate Division in exercising the great power of dealing with the facts, which is intrusted to them but not to us, by setting aside the verdict and granting a new trial."

The duty of the court was to have sustained the objection of counsel and admonished the attorney for plaintiff not to make such improper statements, and at a proper time to have instructed the jury to disregard them.   The prejudice in allowing an improper statement of this sort to be made to the jury was greatly augmented by the court rebuking the attorney for the defendant and directing him to show cause why he should not be punished for his contempt.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.