Tazie Tassello, and Others, Plaintiffs, v. Adley Express Co., Inc., Defendant.

Anthony Jaccarino, Plaintiff, v. Adley Express Co., Inc., Defendant.

Adolph Stone, Plaintiff, v. Adley Express Co., Inc., Defendant.

Supreme Court, Trial Term, Bronx County, February 25, 1936.

*Oscar Belleck* [*J. C. Thompson* of counsel], for the plaintiff Jaccarino.

*Michael Lessen* [*T. J. O' Neill* of counsel], for the other plaintiffs.

*Henry P. Goldstein* [*George E. Hunt* of counsel], for the defendants.

Lauer, J. These were three cases, instituted by a number of plaintiffs, to recover damages for the alleged negligence of the defendant herein. All of the cases were consolidated by an order of this court and all causes of action were disposed of on one trial. The jury rendered verdicts in favor of the plaintiff Adolph Stone in the sum of $18,000, for the plaintiff Jaccarino in the sum of $6,000, and for the plaintiff Carmella Maglieri in the sum of $100. The defendant has renewed its application made during the summation of the counsel for the plaintiff Adolph Stone to have a mistrial declared herein. The defendant maintains that the remarks of the plaintiff's counsel uttered during his summation to the jury were both prejudicial and inflammatory. These remarks were in substance: (1) That interstate trucks run wild over our city streets;

(2) that the defendant operates over our city streets without paying any license or tax; (3) that there are shell-shocked soldiers in the Veterans' Hospital in Kingsbridge and that there are men there suffering from traumatic hysteria; and (4) that the defendant has great resources.

The testimony adduced by the parties in respect to the happening of the accident which caused the injuries suffered by the various plaintiffs differed materially. Sharp questions of fact were thereby created as to the issues of negligence and contributory negligence. The trial was of a type in which a court would be reluctant to disturb the verdict of the jury, whichever way the issues were determined, there being adequate proof to sustain findings favorable to either side.

Under such circumstances it was most essential that the trial be conducted with great fairness, that the summation of counsel be free of the taint of appeals to passion or prejudice, that extraneous arguments not fairly inferable from proof be omitted, particularly if those arguments be of a character calculated to arouse the feelings of a jury and dispose them to determine the issues in any way other than on the evidence submitted to them. Where issues are so sharply defined that a jury might justifiably render a verdict either way, it becomes increasingly difficult for the most careful judge to decide, after the event, whether inflammatory remarks and improper and unfounded arguments influenced the result arrived at by the jury and prevented a fair trial.

I find in the case of *Benoit* v. *New York Central & H. R. R. R. Co.* (94 App. Div. 24) a very apt statement of the rule of law applicable to the situation presented in the present instance: " We appreciate that a zealous counsel, in summing up his client's cause, and speaking earnestly and extemporaneously, may sometimes inadvertently make statements and draw inferences of fact which are not strictly and literally within the lines of evidence, and that when this has occurred, and court and counsel have united in correcting the misstatements and in remedying any possible damage which they may have caused to the opposing litigant, an appellate court should not be eager to reverse a judgment." But in the same case the court said: " It is, however, too well settled to require argument or citation that where counsel, with apparent design and persistence, makes inflammatory and damaging statements of facts not found in the evidence, and calculated to excite the passions of the jury, it is the duty of the appellate court, upon review, to set aside a verdict obtained under such circumstances. Such reversal will not be withheld, even though the trial judge has corrected the misstatements and directed the jury not to consider the same."

(See, also, to similar effect, *Williams* v. *B. E. R. R. Co.*, 126 N. Y. 96; *Walsh* v. *Frankenthaler*, 186 App. Div. 62; *Cattano* v. *Met. St. R. Co.*, 173 N. Y. 565.)

During the summation of counsel for the plaintiff Adolph Stone, counsel made a number of wholly unwarranted statements, unsupported by the proof and not fairly inferable from it. The defendant's counsel's objections were both timely and proper. The court admonished plaintiff's counsel and instructed the jury to disregard the inflammatory statements. Plaintiff's counsel was obdurate. He not only repeated the offense, but protested at what he claimed were the entirely unjustifiable interruptions of his summation. After the third of such instances, defendant's counsel moved for a mistrial, on which motion decision was reserved. The fact that he had been admonished three times and that he was endangering a verdict, as was indicated by the reservation of decision on the motion for a mistrial, did not deter plaintiff's counsel. He made another improper and inflammatory remark directing the jury's attention to the " great resources " of the defendant, of which there was no evidence. Again the defendant's counsel objected.

Plaintiff's counsel is no tyro. Years of experience are behind him. His knowledge of trial practice cannot be questioned. The iteration and reiteration of the offenses after repeated admonitions were not the result of an excess of zeal on behalf of a client, or the unconscious errors of an intense but inexperienced advocate. His statements and conduct were calculated to inflame the passions and arouse the prejudices of the jury. Whether and to what extent they did, it is utterly impossible now to determine. That they tended in that direction cannot be doubted. As was said by the Appellate Division in this Department (*Walsh* v. *Frankenthaler, supra*, at p. 64), " there is no means of determining whether or not the jury was affected by these intemperate remarks." Where the rights of the respective parties are not clearly fixed by the proof and questions of fact should be dispassionately considered and decided, the persistent injection of this type of objectionable remarks is likely to create bias and prevent a fair trial.

I am most reluctant to set aside these verdicts. The length of the trial and a recognition of the expense to the community act as deterrents. However, as was said of this rule confining counsel to legitimate argument, " its violation is not merely an overstepping of the bounds of propriety but a violation of a party's rights." (*Cherry Creek Nat. Bank* v. *Fid. & Cas. Co. of N. Y.*, 207 App. Div. 787.)

A more troublesome question is presented in respect to the verdict in favor of the plaintiff Jaccarino. Counsel for the plaintiff Jaccarino was guilty of no impropriety. He made no inflammatory statements during his summation. The jury rendered its verdict for $6,000 in that case. Counsel urges that his client should not be punished because the trial counsel for another plaintiff misconducted himself. He overlooks, however, that his client may have benefited by that misconduct, that is, of course, if the jury were influenced by it. And how can I say that the defendant may not have been prejudiced as to this plaintiff by the improper remarks to the jury of counsel for the plaintiff Stone?

Since the granting of the motion to declare a mistrial is not intended as punishment but is in the interests of justice to insure a fair trial, the verdicts in favor of all the plaintiffs must be set aside and a new trial ordered. Submit order.