ST. REGIS PAPER COMPANY, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 79-5-00925

Before RAO, *Judge.*

*Freeman, Meade, Wasserman & Schneider* (*Louis Schneider* of counsel and *Herbert Peter Larsen* on the brief) for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office (*Barbara M. Epstein* on the briefs), for the defendant.

(Dated November 3, 1981)

RAO, *Judge:* This civil action involves three entries of paper imported by plaintiff at New York. The entries, Nos. 493994, 525764 and

---

[5] The foregoing basis of this court's affirmance of the ITA's determination renders it unnecessary to address the other contentions of plaintiff attacking the determination of the entire CCS payment as a subsidy.

529941, were made on July 27, 1977, August 19, 1977 and August 24, 1977, respectively. Timely protests were filed against the classification of the merchandise as papers, not impregnated, other, under item 252.90, Tariff Schedules of the United States, as amended, at 10 percent ad valorem. These protests were denied in due course, but plaintiff did not file a summons in this court within 180 days pursuant to 28 U.S.C. § 2631(a)(1) (1976), in order to preserve its right of action to contest the classification of the merchandise.

By letter of August 25, 1978 plaintiff requested the Customs Service to reliquidate the entries involved herein to correct "a clerical error, mistake or other inadvertence not amounting to an error in the construction of a law" as authorized by section 520(c)(1) of the Tariff Act of 1930, as amended [19 U.S.C. § 1520(c)(1)]. Plaintiff protested Customs refusal to reliquidate the entries to correct the mistake of fact it alleged had occurred and subsequently filed a timely summons and a timely complaint, the present action.

Defendant filed a motion to dismiss for lack of jurisdiction or, alternatively, for failure to state a claim upon which relief may be granted, and plaintiff subsequently filed its opposition to this motion and a cross-motion to suspend this case under *St. Regis Paper Company* v. *United States*, Court No. 79-4-00673.

The provisions of 19 U.S.C. § 1520(c)(1) in effect at the relevant time required that "a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law . . . [be] brought to the attention of the customs service within one year after the date of entry, or transaction, or within ninety days after liquidation or exacs tion when the liquidation or exaction is made more than nine montht after the date of the entry, or transaction." [1]

The language of the statute is clear and unambiguous. The error or mistake of fact must have been brought to the attention of the appropriate customs officer within one year after the date of entry or transaction. The latest day on which the alleged error or mistake of fact could have been called to the attention of Customs for any of the entries would have been August 24, 1978, that entry being No. 529941. The alleged errors or mistakes of fact in the other two entries were clearly not brought to the attention of Customs within the required time period. In computing whether an act is made within one year, the day from which the time is reckoned is excluded in making the reckoning. *Hudspith* v. *Pierce-Arrow Motor Car. Co.*, 167 N.Y.S. 418, 419; *State* v. *Jones*, 11 Iowa 11.

---

[1] Although this provision was amended by Pub. L. 95-410 in 1978 to require the bringing of the error, mistake of fact, or other inadvertence to the attention of the appropriate customs officer within one year after the date of liquidation or exaction, it is of no avail to plaintiff as this provision did not become operative until October 3, 1978.

Nor is plaintiff able to bring itself within the purview of the statute's provision requiring the mistake of fact to be brought to the attention of Customs within ninety days after liquidation when liquidation occurs more than nine months after the date of entry. For each of the entries involved herein, liquidation took place within one month of the date of entry.[2] The plaintiff did not bring the mistake of fact to the attention of the appropriate customs officer until approximately eleven or twelve months after the dates of liquidation.

For the foregoing reasons, it is ordered and adjudged that defendant's motion to dismiss is granted and plaintiff's cross-motion to suspend is denied.

---

[2] See the following table:

